■ IRA E. GARR, P.C., Respondent, v SARA KINBERG, Appellant. [776 NYS2d 805]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered April 1, 2003, which, in an action to recover a legal fee, denied defendant's motion to vacate a restraining notice on her bank account, unanimously affirmed, without costs.

While it appears that defendant deposits into the subject account maintenance and child support payments made by her ex-husband pursuant to the agreement that settled their divorce, that settlement agreement shows that defendant has ample other resources and is not dependent on the money in the account for her or her dependents' daily living expenses and other reasonable needs. Accordingly, the money in the account is not exempt from enforcement under CPLR 5205 (d) (3). Defendant's assertion that she never received the substantial assets to which she was entitled under the settlement agreement lacks evidentiary support and fails to raise an issue of fact as to her lack of other resources. We also reject defendant's argument that plaintiff has a charging lien enforceable against her ex-husband's attorney. That lien, which was fixed by the justice who presided over defendant's divorce and restrained her ex-husband's attorney from distributing marital property in the amount of the lien, by its terms was to remain in effect only until a fee arbitration panel decided the parties' fee dispute. As it happened, there was no arbitration, and plaintiff successfully pursued the judicial remedy he now seeks to enforce (3 AD3d 322 [2004]). We have considered defendant's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.