■ SARA KINBERG, Appellant, v YORAM KINBERG, Respondent. SARA KINBERG, Appellant, v JANE BEVANS, Respondent. [909 NYS2d 48]—

Order, Supreme Court, Bronx County (Ellen Gesmer, J.), entered June 22, 2009, which, in postdivorce proceedings, dismissed certain claims asserted by plaintiff against defendant Kinberg (Kinberg), plaintiff's former husband, and defendant Bevans, Kinberg's former attorney, unanimously affirmed, without costs.

The trial court correctly determined that Kinberg did not breach the provisions of the parties' September 2000 settlement agreement relating to his 401(k) account. Under the plain meaning of those provisions, Kinberg was only obligated to "execute and consent to the entry" of a qualified domestic relations order (QDRO), not prepare one. Any obligation on Kinberg's part to prepare and submit a QDRO arose subsequently, in a March 2002 order, with which Kinberg complied, and which, after various challenges by plaintiff, resulted in the issuance of a QDRO in June 2002 and the distribution of plaintiff's share of the 401(k) plan in December 2002. Although the process took more than two years, it does not appear that the delay was caused by Kinberg, and no other basis appears for holding Kinberg responsible for the account's loss in value over this two-year period. Contrary to plaintiff's contention, the agreement did not provide that the 401(k) account was to be divided as of the agreement's date of execution, and, indeed, the agreement specifies no date of division whatsoever. Nor should the 401(k) account be valued as of the date of the divorce, absent a provision to that effect in either the QDRO or the divorce judgment. Article XXV of the agreement, which requires the parties to execute, acknowledge, and deliver any documents that might be necessary to give the agreement full force and effect, does not avail plaintiff, as it is not clear that the documents that Kinberg purportedly failed to provide were necessary to give full force and effect to his obligation to execute and consent to the entry of a QDRO. Nor did Kinberg violate the agreement by investing the 401(k) funds. The agreement plainly contemplated that he would continue investing the funds and did not obligate him to do so in any particular way.

The trial court also correctly determined that Kinberg did not violate the settlement agreement when, four years after its execution, he canceled plaintiff's health insurance coverage. The agreement required Kinberg to continue to provide plaintiff with the predivorce amount of health insurance "to the extent that [he] is able to [do so] without any additional cost to him[self]," and that within 30 days of the agreement's execution, he advise plaintiff "whether he is able to provide such insurance" and "provide [her] with all information necessary so she may confirm [his] advice in this regard." The trial court credited Kinberg's testimony that he so advised plaintiff within 30 days of agreement's execution, and no basis exists for disturbing that credibility determination. Article XXXIV of the agreement, which involves the addressing of notices required by the agreement, does not avail plaintiff, since the clause pertaining to medical insurance coverage does not require a written notice. Nor is it clear that the medical plan monthly contribution rate sheet that Kinberg admittedly provided to plaintiff was insufficient to confirm any "additional cost." That Kinberg voluntarily provided plaintiff with health insurance for four years after the agreement's execution is insufficient to show that he waived his right to cancel, and nothing in the agreement prohibited Kinberg from canceling plaintiff's health insurance in order to provide health insurance to his new wife.

With respect to plaintiff's claim against Bevans, plaintiff failed to show that she received less than what was due her under the agreement or that Bevans possessed any assets belonging to her (*see Ira E. Garr, P.C. v Kinberg*, 7 AD3d 453 [2004]). Plaintiff's claim that she established an account stated, based on certain letters she wrote to Bevans regarding money Bevans was ostensibly holding for payment of a charging lien asserted by plaintiff's former attorney (*see id.*), is improperly raised for the first time on appeal, and we decline to consider it.

We have considered and rejected plaintiff's other arguments. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.