■ SUSI SILBER, Respondent, v. IRMA LACHS, Appellant, and AMERICAN SAVINGS BANK, Respondent.— Order entered January 22, 1969, herein appealed from, unanimously modified, on the law, to the extent of granting the motion of appellant for summary judgment dismissing plaintiff's complaint with respect to the "Totten Trust" account, and, as so modified, the order is otherwise affirmed, without costs and without disbursements to either party. Decedent, Irwin Silber, subsequent to a separation from plaintiff, and the execution of a separation agreement with respect thereto, opened a trust account on February

18, 1966 with respondent American Savings Bank (American) "in trust for Irma Lachs, sister". Following Silber's death on March 12, 1967, appellant presented the passbook to American which refused to release the funds because plaintiff had already commenced an action to impress a trust on the account and had served American with a summons. Appellant was also named as a defendant in that action. Appellant brought a separate suit against American to compel release of the funds of the account to her. The separate actions were consolidated and American discharged from liability. American was directed to retain the funds to the credit of the action and its claim for reimbursement of expenses was referred to the trial court for determination. No appeal was taken from that order which was entered March 8, 1968. On or about April 11, 1968 appellant moved for summary judgment against American and for summary judgment dismissing plaintiff's complaint. American cross-moved for an order pursuant to CPLR 1006 (subd. [f]) charging its expenses and disbursements in the amount of $1,106.89. Both the motion and the cross motion were granted. Upon appellant's application for reargument with respect to the cross motion the court's original determination with respect to the motion and cross motion was withdrawn and both the motion and cross motion denied. This appeal followed. Appellant's motion for summary judgment with respect to plaintiff's complaint should have been granted. There is a total lack of evidentiary support by plaintiff for the claim advanced by her in the unverified complaint. "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, *or some decisive act or declaration of disaffirmance,* the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor" (*Matter of Totten,* 179 N. Y. 112, 125–126) (italics ours). There was no decisive act, or indeed any act of disaffirmance by the depositor, and no evidentiary facts are advanced which serve to challenge the presumption. The order of March 8, 1968, not appealed from, afforded and recognized the status of the bank as a mere stakeholder. Accordingly, the court was empowered to impose terms relating to payment of expenses, costs and disbursements "as may be just" (CPLR 1006, subd. [f]). What is just or reasonable thus becomes a fact question to be determined as the court directs. Nor does subdivision (5) of section 239, of the Banking Law mandate a contrary result by reason of plaintiff's failure to proceed in accordance with its terms (see Banking Law, § 239, subd. 6, par. [c]). Accordingly, the appeal is determined as heretofore indicated. Concur — Stevens, P. J., Tilzer, McGivern, McNally and Macken, JJ.