*656 OPINION OF THE COURT
Fred J. Hirsh, J.
Petitioner judgment creditor North Shore University Hospital at Plainview (NSUHP) commenced this special proceeding seeking a turnover order.
Background
This special proceeding raises issues not specifically addressed in CPLR 5222-a and the interrelationship among CPLR 5222-a, 5225 (b) and 5227. More specifically, does a judgment creditor have to plead and prove compliance with CPLR 5222-a before commencing a turnover proceeding, and can a judgment creditor commence a turnover proceeding before the time for a judgment debtor to claim the funds on deposit in a bank account which are exempt from restraint and/or execution pursuant to CPLR 5222-a has expired?
On February 5, 2009, NSUHP entered a judgment against Kim Miscioscia in the sum of $5,262.24. The judgment remains wholly unsatisfied.
In an effort to obtain information that would permit NSUHP to enforce the judgment, NSUHP attorneys served an information subpoena and restraining notice on Citibank (Bank). Bank responded to the information subpoena by advising NSUHP’s attorneys that Miscioscia maintains a bank account with Bank jointly with Loretta H. LaRosa. Bank’s response to the information subpoena is dated March 19, 2009.
The amount on deposit in the account is sufficient to fully satisfy the judgment.
NSUHP commenced this turnover proceeding on April 1, 2009 seeking an order directing Bank to turn over from the account maintained by Miscioscia and LaRosa an amount sufficient to satisfy the judgment.
NSUHP has not alleged or proved that it has complied with CPLR 5222-a, which requires a judgment creditor who serves a restraining notice on a bank to serve with the restraining notice an exemption notice in the form prescribed by CPLR 5222-a (b) (4) (a) and two copies of an exemption claim form in the form prescribed by CPLR 5222-a (b) (4) (b). NSUHP has failed to attach a copy of the information subpoena or restraining notice it served upon Bank to its motion papers. NSUHP does not indicate the date upon which the restraining notice or information subpoena was served upon Bank.
*657 Although Miscioscia and LaRosa were duly served with the notice of petition and petition in the turnover proceeding, they did not appear on the return date or oppose the application for a turnover order.
Discussion
CPLR 5225 (b) permits a judgment creditor to commence a special proceeding against a person in possession or custody of money in which the judgment debtor has an interest seeking to compel the person who is in possession of the money in which the judgment debtor has an interest to pay the money over to the judgment creditor in full or partial satisfaction of the judgment.
CPLR article 52 was amended by Laws of 2008 (ch 575). These amendments, which became effective January 1, 2009, provide significant new substantive and procedural protections to judgment debtors. (See Johnson M. Tyler, Outside Counsel, Exempt Income Protection Act Better Protects Strapped Debtors, NYLJ, Jan. 27, 2009, at 4, col 1.)
CPLR 5222-a requires an attorney who serves a restraining notice on a bank to serve upon the bank together with the restraining notice an exemption notice and two exemption claim forms titled “ADDRESS A” and “ADDRESS B.” (CPLR 5222-a [b] [1].) The exemption notice and exemption claim form must be in the statutorily prescribed form set forth in CPLR 5222-a (b) (4).
Within two days of receipt of the restraining notice, exemption notice and exemption claim forms, the bank must mail a copy of the restraining notice, the exemption notice and two copies of the exemption claim form to the judgment debtor by first-class mail addressed to the judgment debtor at the judgment debtor’s last known address. (CPLR 5222-a [b] [3].)
The exemption notice advises the judgment debtor that his or her bank account is being restrained or “frozen.” The exemption notice also advises the judgment debtor that if the funds on deposit in the restrained bank account contain Social Security benefits, Social Security disability benefits, supplemental security income (SSI), public assistance (welfare), income earned while receiving SSI or public assistance, veterans’ benefits, unemployment insurance, payments from pensions and retirement accounts, disability benefits, income earned in the last 60 days (90% of which is exempt), workers’ compensation benefits, child support, spousal support or maintenance (alimony), *658 railroad retirement and/or black lung benefits, the money is exempt from restraint and cannot be taken by the judgment creditor to satisfy the judgment. The exemption notice advises the judgment debtor that to claim the exemption, the judgment debtor should complete the exemption claim form and deliver or mail it to the bank in which the restrained account is maintained and the judgment creditor or the judgment creditor’s attorney within 20 days of the postmark date on the envelope holding the exemption notice. (CPLR 5222-a [b] [4] [a].) The exemption notice advises a judgment debtor that providing written or documentary proof of the claimed exemption to the judgment creditor’s attorney with the exemption claim form may result in the funds being unfrozen faster. (CPLR 5222-a [b] [4] [a].) The exemption notice advises the judgment debtor that if he or she sends the judgment creditor’s attorney proof the funds are exempt, the judgment creditor’s attorney must release or unfreeze the account. (Id.)
If the judgment debtor mails a copy of the exemption claim form to the judgment creditor or the judgment creditor’s attorney within 20 days of the postmark date on the envelope containing the exemption notice and exemption claim form (CPLR 5222-a [c] [1]) together with proof establishing the funds in the bank account are exempt from execution, the judgment creditor shall, within seven days of the postmark date on the envelope containing the exemption claim form, advise the bank to release the account. (CPLR 5222-a [c] [4].) If the exemption claim form and proof establish the restrained account contains exempt and nonexempt funds, the judgment creditor shall advise the bank to release the exempt funds. (Id.)
A bank that receives an exemption claim form is required to notify the judgment creditor forthwith that it is going to release all funds in the judgment debtor’s account from restraint within eight days after the date postmarked on the envelope containing the executed exemption claim form or eight days after personal delivery of the exemption claim form to the bank unless the judgment creditor files an objection. (CPLR 5222-a [c] [2], [3].)
A judgment creditor can object to the judgment debtor’s claim of exemption by moving to challenge the claimed exemption within eight days of the date postmarked on the envelope containing the executed exemption claim form or within eight days of personal delivery of the exemption claim form. (CPLR 5222-a [d].) The motion must be returnable seven days after the *659 date of service. The affidavit or affirmation submitted in support of such a motion must state a reasonable factual basis for its claim the funds are not exempt and the amount of the funds the judgment creditor believes are not exempt. In a motion made to contest the claimed exemption, the executed exemption claim form is prima facie evidence the funds are exempt. The court must issue an order within five days of the date of a hearing indicating whether the funds are exempt or not and ordering appropriate relief. (CPLR 5222-a [d].)
If the judgment creditor objects in bad faith, the judgment debtor shall be awarded costs, reasonable attorney’s fees, actual damages and an amount not to exceed $1,000. (CPLR 5222-a [g].)
If the judgment debtor does not claim the exemption within 25 days after the exemption notice and exemption claim form are mailed to the judgment debtor, the funds remain subject to restraint and execution. (CPLR 5222-a [c] [5].) However, failure of the judgment debtor to deliver an executed exemption claim form to the bank does not prevent the judgment debtor from claiming the restrained funds are exempt from execution in any subsequent judgment enforcement proceeding. (Id.-, CPLR 5222-a [h].)
A turnover proceeding is a special proceeding. (CPLR 5225 [b].) A special proceeding can be heard eight days after the notice of petition, petition and supporting papers are served. (Siegel, NY Prac § 553 [4th ed]; CPLR 403 [b].) Therefore, a motivated and diligent judgment creditor could commence a turnover proceeding and have it returnable before the court before the time for a judgment debtor to serve an exemption claim form had expired. In fact, this turnover proceeding commenced within the time in which the judgment debtor had to serve an exemption claim form.[1]
CPLR 5222-a creates new statutory procedures for advising a judgment creditor that certain funds on deposit in a bank account are exempt from restraint and execution and creates an expeditious and possibly nonjudicial resolution of a judgment debtor’s claim of exemption.
Permitting a judgment creditor to commence a turnover proceeding before the judgment debtor’s time to exercise his or her rights under CPLR 5222-a has expired would provide a judg *660 ment creditor with the ability to circumvent the safeguards and rights provided to a judgment debtor pursuant to this section. Thus, this court finds a judgment creditor cannot commence a turnover proceeding until the time for a judgment debtor to exercise its claim of exemption pursuant to CPLR 5222-a has expired.
The only way a court can determine whether the time for a judgment debtor to exercise its rights pursuant to CPLR 5222-a has expired is to require the judgment creditor to plead and prove in the turnover proceeding compliance with the provisions of CPLR 5222-a that require a judgment creditor to serve an exemption notice and exemption claim form with the restraining notice and to plead the judgment debtor’s time to serve an exemption claim form has expired and none has been received.
Such a requirement will give the judgment debtor the opportunity to claim an exemption and have the claim of exemption determined without having to defend a turnover proceeding. If the exemption is claimed, then the judgment creditor can proceed to either advise the bank to release the funds (CPLR 5222-a [c] [4]) or object to the claimed exemption. (Id.; CPLR 5222-a [d].) If the funds on deposit are exempt, the judgment creditor should advise the bank to release the funds without judicial intervention. (CPLR 5222-a [c] [4].)
If the judgment creditor challenges the claimed exemption, then the judgment creditor must move within eight days of the date postmarked on the envelope containing the exemption claim form to challenge the claimed exemption. (CPLR 5222-a [d].) The motion to contest an exemption can be brought on by motion in the action in which the judgment was entered and will be resolved within a maximum of 20 days from the date the exemption claim form is served.[2] If the court finds the funds on deposit in the account are exempt from restraint and execution, the court will issue an order releasing the funds. A turnover proceeding will never be commenced.
If a judgment creditor commences a turnover proceeding before the time the judgment debtor has to claim an exemption pursuant to CPLR 5222-a has run, the possibility exists for the *661 turnover proceeding to be heard by one court and the CPLR 5222-a application to be heard by another court. This could result in one court issuing a turnover order while the other court is finding the funds are exempt from execution. The court must do everything possible to avoid such irreconcilably inconsistent results.
A judgment creditor can avoid the requirements of CPLR 5222-a by serving an information subpoena that does not contain a restraining notice. CPLR 5224 does not require an information subpoena to be served with a restraining notice.
In order to ensure a judgment debtor is given the opportunity to assert a claim that the funds on deposit in the restrained bank account are exempt from restraint and execution, a judgment creditor who serves a restraining notice on a bank must plead and prove compliance with CPLR 5222-a as part of its prima facie case in a turnover proceeding. Since a judgment creditor must plead and prove compliance with CPLR 5222-a in the petition filed in a turnover proceeding, a judgment creditor cannot commence a turnover proceeding before the time for a judgment debtor to claim an exemption pursuant to CPLR 5222-a has expired.
Although the exact date the restraining notice was served is not in the papers, the restraining notice had to be served on or after February 5, 2009, which is the date the judgment was entered. The petition served in this action does not allege or prove the judgment creditor complied with CPLR 5222-a.
Since the judgment creditor has not pleaded or proved it complied with CPLR 5222-a, the special proceeding is dismissed without prejudice with leave to recommence upon compliance with CPLR 5222-a.

. This turnover proceeding was commenced 11 days after NSUHP received the response to the information subpoena.

. The motion to challenge the exemption must be made within eight days of the postmarked date on the envelope containing the executed exemption claim form. The motion must be made returnable seven days after the service of the motion papers. The court must decide the motion within five days of the hearing date. (CPLR 5222-a [d].)