*855 OPINION OF THE COURT
Michael A. Ciaffa, J.
Petitioner, LR Credit 21, LLC, requests an order compelling respondent JPMorgan Chase Bank to turn over to the offices of Mel S. Harris & Associates, as counsel for petitioner, “the entire proceeds of the joint account in the names of Elizabeth A. Burnett and Headley C. Burnett” or “one half of the proceeds in the account in any event.”
According to petitioner’s papers, it obtained a default judgment against respondent Elizabeth A. Burnett upon an assigned debt claim in June 2010. Two years later, in July 2012, respondent JPMorgan Chase Bank advised petitioner’s counsel in response to an information subpoena that Ms. Burnett and respondent Headley C. Burnett had a joint checking account at the bank, with a negative balance (-$317.38). It further advised petitioner’s counsel that the last two direct deposits into the account were a pension check ($349.24) and a check from Social Security ($1,139).
At the same time the information subpoena was served, petitioner claims it also served a restraining notice upon the bank, with appropriate exemption notice and exemption claim forms. However, because the account “contained insufficient funds to levy against,” the subject account “was not held” by the bank at that time.
The following year, after the restraining notice had expired (see CPLR 5222 [b]), petitioner alleges that a “property execution was sent to the Sheriff of Nassau County to restrain the account for an additional ninety (90) days to allow petitioner time to submit this turnover petition.” The execution was received by the bank on April 11, 2013. The bank responded by letter to the Sheriff, dated April 11, 2013, acknowledging receipt of the execution, and acknowledging its “hold” on the account. According to the bank’s letter, it placed a hold in the amount of $9,202.44 upon the account. However, the letter also states “the present balance may be subject to exemption claims.”
CPLR 5222-a, enacted in 2008 as part of the Exempt Income Protection Act (L 2008, ch 575), includes strict procedural rules requiring service of exemption notices and exemption claim forms whenever the sheriff attempts to levy upon the bank account of a natural person. In pertinent part, CPLR 5222-a (b) (2) imposes the following duty upon the sheriff “[w]hen serving an execution” upon a garnishee bank:
*856 “[T]he sheriff shall provide the banking institution with an exemption notice and two exemption claim forms, which shall be in the forms set forth in paragraph four of this subdivision. The sheriff shall serve both the exemption notice and the exemption claim forms on the banking institution together with the execution notice ... in accordance with subdivision (a) of section fifty-two hundred thirty-two of this article. Failure to serve the notice and forms renders the execution void, and the banking institution shall not levy upon the account.”
CPLR 5232 (g) likewise states, “Where a levy by execution ... is made against a natural person’s account at a banking institution, the sheriff . . . shall serve the banking institution with the exemption notice and two exemption claim forms prescribed in subdivision (b) of section fifty-two hundred twenty-two-a of this article.”
CPLR 5222-a (b) (3), in turn, governs the garnishee bank’s duty upon receipt of an execution, exemption notice, and exemption claim forms from the sheriff. “Within two business days after receipt” of such documents, “the banking institution shall serve upon the judgment debtor . . . the exemption notice and two exemption claim forms ... by first class mail to the last known address of the judgment debtor.”
The above-quoted provisions are very similar to the provisions governing required notices to the judgment debtor in matters involving service of a restraining notice upon a bank. In Matter of North Shore Univ. Hosp. at Plainview v Citibank Legal Serv. Intake Unit (25 Misc 3d 655, 661 [Nassau Dist Ct 2009, Hirsh, J.]), the court ruled that the judgment creditor seeking a turnover order in such a matter “must plead and prove compliance with CPLR 5222-a” as part of its prima facie case.
This court concludes that Judge Hirsh’s ruling applies equally to turnover proceedings involving sheriffs executions. The statute, on its face, unambiguously sets forth important new statutory procedures for advising a judgment debtor of his or her right to claim that funds on deposit in a bank account are exempt from both “restraint and execution.” (Id.) The court therefore sees no basis for treating executions differently from restraining notices in connection with a creditor’s turnover proceeding.
Moreover, reading CPLR 5222-a in conjunction with provisions of CPLR 5232 (g) governing execution and levy, the law *857 clearly provides that “all procedures stated [in CPLR 5222-a (b) and 5232 (g)] must be followed," (CPLR 5232 [g] [emphasis added].) Consistent with this mandatory statutory directive, this court now holds that a judgment creditor seeking a turnover order in a matter involving a claimed levy by execution must plead and prove compliance with CPLR 5222-a (b) (2) and (3) in order to make a prima facie case for a turnover order. Nothing less than strict, literal compliance will suffice.
Petitioner’s papers neither plead nor prove compliance with the above requirements. In the absence of proof that the sheriff provided an exemption notice and exemption claim forms to the bank, together with its execution notice, the execution is “void” as a matter of law. (CPLR 5222-a [b] [2].)
Furthermore, in the absence of proof that the bank actually served an exemption notice and two exemption claim forms upon the judgment debtor within two business days of receipt of the execution (see CPLR 5222-a [b] [3]), the court has no way of determining whether the judgment debtor’s time to claim an exemption has expired. The law, as written, gives the judgment debtor 20 days from “the date postmarked on the correspondence containing the notice and forms” to claim an exemption. (See CPLR 5222-a [c] [1].) As Judge Hirsh explained in North Shore Univ. Hosp. v Citibank, “[t]he only way a court can determine whether the time for a judgment debtor to exercise its rights pursuant to CPLR 5222-a has expired is to require the judgment creditor to plead and prove in the turnover proceeding compliance with the provisions of CPLR 5222-a.” (Id. at 660.) Since “a judgment creditor cannot commence a turnover proceeding until the time for a judgment debtor to exercise its claim of exemption pursuant to CPLR 5222-a has expired,” the judgment creditor must necessarily plead and prove that this time limit has expired in order to make out a prima facie case for a turnover. (Id.)
In the case at bar, petitioner’s papers simply allege that JPMorgan Chase Bank “has not notified [petitioner’s counsel] of the receipt of an exemption claim form from the judgment debtor ... in 2013 when the property execution was sent to the Sheriff of Nassau.” No proof is submitted, however, that the Sheriff satisfied its duty to forward an exemption notice and exemption claim forms to the bank. Nor is there any proof that the bank met its duty of sending such a notice and exemption claim forms to the judgment debtor, as required.
Although petitioner alleges that an exemption notice and exemption claim forms were sent to the bank in July 2012, that *858 action did not eliminate the need to comply with the law in April 2013, when the Sheriff served the execution upon the bank. In any event, no proof is submitted that the judgment debtor actually received the exemption notice and exemption claim forms in 2012. And even if they did receive the notice and forms at that time, the account contained nothing to restrain.
Finally, based upon the bank’s July 2012 letter responding to petitioner’s information subpoena, the court has every reason to suspect that the subject account may include funds that are exempt from execution and levy. As the bank’s response letter confirmed, the last two deposits into the account at that time came from a pension check and Social Security. By law, a judgment debtor can claim an exemption upon any of the grounds identified in CPLR article 52. These include statutory exemptions for funds from “Social [Sjecurity,” “[pjayments from pensions and retirement accounts,” and 90% of “[fincóme earned in the last 60 days.” (See CPLR 5222-a [b] [4].) Given these facts and circumstances, proof of strict compliance with the notice requirements of the statute is all the more essential.
In conclusion, since petitioner’s papers fail to plead and prove compliance with the requirements of CPLR 5222-a (b) (2) and (3), the petition is denied and dismissed. Furthermore, in the absence of required proof, the execution is deemed void, and respondent JPMorgan Chase Bank may not levy on the account. (CPLR 5222-a [b] [2].) If all or part of the amounts on deposit are presently being restrained, the bank is directed to lift the restraint, forthwith, and no fees may be charged by the bank in connection with the legally “void” execution. (See CPLR 5222-a [b] [3]; 5232 [f].)