OPINION OF THE COURT
Hall, J.
The Exempt Income Protection Act (L 2008, ch 575) was enacted in 2008 for the purpose of protecting judgment debtors from the restraint or execution of certain income which is exempt from debt collection by federal and state law. A major component of the Exempt Income Protection Act was the enactment of CPLR 5222-a, which includes strict procedural rules requiring service of exemption notices and exemption claim forms. Insofar as relevant here, the statutory mechanism requires the attorney for the judgment creditor to serve a judgment debtor’s banking institution with a copy of the restraining notice, an exemption notice, and two exemption claim forms (see CPLR 5222-a [b] [1]). The statute then requires the banking institution, within two business days after receipt of such documents, to serve upon the judgment debtor a copy of the restraining notice, the exemption notice, and the two exemption claim forms (see CPLR 5222-a [b] [3]). In this action, the attorney for the judgment creditor properly sent the required documents to the judgment debtor’s bank, but the bank did not timely send the documents to the judgment debtor. As a result, the judgment debtor’s bank account was restrained without any notice to her or any opportunity to claim that certain funds in *113 the account were exempt from debt collection. We conclude that this constituted a violation of the judgment debtor’s due process rights, and, as a remedy, afford the judgment debtor the opportunity to claim exemptions before any funds in her account are turned over.
Factual and Procedural Background
In July 2008, nonparty First Florida Bank obtained a final judgment of mortgage foreclosure against the defendant, among others, issued by a Florida court in connection with a mortgage foreclosure action commenced in Florida. A foreclosure sale was held in August 2008, and the plaintiff in this action, an entity named Distressed Holdings, LLC, purchased the subject property. On August 30, 2010, the plaintiff obtained an amended final deficiency judgment (hereinafter the Florida judgment) against, among others, the defendant, in the principal sum of $188,867.83. Then, on November 30, 2010, the plaintiff commenced this action by filing the Florida judgment with the Nassau County Clerk.
On January 4, 2011, an information subpoena with restraining notice was served on the defendant’s banking institution, Bank of America, in accordance with CPLR 5222. In addition, on January 26, 2011, an execution with notice to garnishee was issued to a New York City marshal directing the marshal to levy the defendant’s Bank of America account.
On January 18, 2011, while attempting to complete a banking transaction, the defendant was advised by Bank of America that her checking account had been restrained.
The defendant moved, inter alia, to vacate the restraining notice and terminate the restraint on her Bank of America account. In support of the motion, the defendant averred that she did not receive a copy of the restraining notice that was served on Bank of America and did not learn that a restraint had been placed on her account until she attempted to complete a banking transaction.
In opposition, the plaintiff argued that the restraining notice should not be vacated. In the event that the restraining notice was found to have been improperly served, the plaintiff requested that any order vacating the restraining notice expressly indicate that Bank of America would still be subject to the levy executed by the marshal, which, according to the plaintiff, was a method of enforcing the Florida judgment that was separate and distinct from the restraining notice.
*114 In reply, the defendant reiterated that Bank of America did not send her a copy of the restraining notice within two days after its alleged receipt, as required by CPLR 5222-a (b) (3). She also continued to assert that her bank account was restrained without notice to her.
In an order dated March 18, 2011, the Supreme Court denied the defendant’s motion. After the defendant filed her notice of appeal, this Court granted her motion to stay the execution, turnover, distribution, release, transfer, payment, or any other disposition of her funds held by Bank of America pending the hearing and determination of this appeal.
Statutory Background
In 1982, the Federal District Court for the Southern District of New York (hereinafter the Southern District) determined that New York’s former statutory provisions for the enforcement of money judgments violated due process because they did not provide the judgment debtor with notice of the restraint or execution on that individual’s bank account, the type of income which may be exempt from restraint or execution, or the procedures for asserting exemptions (see Deary v Guardian Loan Co., Inc., 534 F Supp 1178 [SD NY 1982]). In response, the New York State Legislature amended CPLR 5222 and 5232 to provide notice to a judgment debtor of a partial list of exemptions and of the availability of procedures for asserting exemptions (see L 1982, ch 882, §§ 1, 2; Warren v Delaney, 98 AD2d 799, 800 [1983]).
In 2008, 26 years after the 1982 amendments, the legislature made a number of additional amendments to article 52 of the CPLR, as part of the Exempt Income Protection Act. One purpose of the bill was to close a loophole in the prior law, which allowed debt collectors to use restraining notices to freeze bank accounts of New Yorkers even when money in the account was exempt from collection (see NY City Bar Assn Consumer Affairs Comm Mem in Support, Bill Jacket, L 2008, ch 575 at 38). Under the pre-2008 version of CPLR 5222, an attorney for a judgment creditor could send a restraining notice to a bank where a judgment debtor held an account, and the restraining notice would have the effect of immediately freezing the debtor’s funds, including those funds which were exempt from restraint. The judgment debtor would receive no notice until his or her account had been frozen, and the judgment debtor could potentially be put in the position of having no funds to pay for rent, utilities, food, and basic everyday living expenses (see id.).
*115 As explained by Robert Martin of the Consumer Affairs Committee, writing in support of the Exempt Income Protection Act:
“Under current law [i.e., prior to 2008], there [was] no clear, established or effective procedure for a debtor to assert a claim that a restrained bank account contains exempt funds and to have the restraint removed. Practitioners who represent consumers report that debtors have significant difficulty in having restraints lifted. A debtor can approach the creditor’s attorney seeking the voluntary lifting of the restraint. If the creditor’s attorney declines, then the debtor’s only recourse is to bring an order to show cause seeking a court order to lift the restraint on exempt funds. Even with the aid of a lawyer, a debtor in this situation may find that it takes weeks if not longer to regain access to funds. For the bulk of consumers who do not have the resources to hire a lawyer or the knowledge or wherewithal to pursue the matter on their own, having a restraint lifted may become an impossible task” (id. at 39).
The Exempt Income Protection Act remedied an imbalance in the prior law which unfairly placed the burden on debtors to show that their funds were exempt, at a time when they were being deprived access to those funds (see id.). Consequently, a major component of the Exempt Income Protection Act was the addition of CPLR 5222-a, which outlines the procedures for notifying judgment debtors of available exemptions and, essentially, makes it easier for judgment debtors to claim exemptions.
As explained by Assemblywoman Helene Weinstein, writing in support of the bill:
“In particular, within two business days after receiving a restraining notice or execution, an exemption notice and exemption claim forms related to a levy against a person’s account, the bank would be required to mail a copy of the restraining notice, exemption notice and two exemption claim forms to the debtor. The judgment debtor would have 20 days to serve one copy of a completed claim form to the bank and one copy to the attorney for the judgment creditor. The debtor would be required to sign the *116 claim form, indicating the type of exempt income contained in the account and certifying that, under penalty of perjury, the statement is true to the best of the debtor’s knowledge and belief. The bank then would be required to release all funds in the judgment debtor’s account eight days after the postmark date unless the judgment creditor imposes an objection to the exemption within that time. Within eight days of the postmark date, the judgment creditor may object to the exemption claim and request a hearing, with the burden of proof on the creditor’s part to establish the amount of funds that are not exempt. The judge then has five days from the hearing to issue an order stating whether or not funds in the account are exempt and to order the appropriate relief” (Div of Budget Bill Mem, Bill Jacket, L 2008, ch 575 at 9).
Against this backdrop, the relevant statutory framework is as follows. CPLR 5222 permits, among others, “the attorney for the judgment creditor” to issue a restraining notice (CPLR 5222 [a]). The restraining notice may be served on either the judgment debtor or a third-party “garnishee,” which is defined in the CPLR as a “person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest” (CPLR 105 [i]; see Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 579 [1981]).
“A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest . . . except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated” (CPLR 5222 [b]).
Stated differently, the restraining notice serves as an injunction prohibiting the transfer of the judgment debtor’s property (see Aspen Indus. v Marine Midland Bank, 52 NY2d at 579).
CPLR 5222-a (a) provides, in part, that any person authorized under CPLR 5222 (a) to issue a restraining notice (such as the attorney for the judgment creditor) affecting a natural person’s account at a banking institution must comply with CPLR 5222-a. In addition, the statute states that. “[a]ny sheriff levying against a natural person’s account at a banking institution *117 pursuant to [CPLR 5232] must comply with this section, in addition to the general provisions set forth in [CPLR 5232]” (CPLR 5222-a [a]).
CPLR 5222-a (b) (1) provides, in part, that the person issuing the restraining notice shall provide the banking institution with the restraining notice, a copy of the restraining notice, an exemption notice, and two exemption claim forms. Under the statute, “[flailure to serve the notice and forms together with the restraining notice renders the restraining notice void, and the banking institution shall not restrain the account” (CPLR 5222-a [b] [1]).
Subdivision (b) (2) of CPLR 5222-a provides, in part, that when serving an execution pursuant to CPLR 5232 (a), the sheriff shall provide the banking institution with an exemption notice and two exemption claim forms.
Significantly, subdivision (b) (3) of CPLR 5222-a provides that “[w]ithin two business days after receipt of the restraining notice or execution, exemption notice and exemption claim forms, the banking institution shall serve upon the judgment debtor the copy of the restraining notice, the exemption notice and two exemption claim forms.” Subdivision (b) (3) further provides that the inadvertent failure of a depository institution to provide the required notice to the judgment debtor shall not give rise to liability on the part of the depository institution (see CPLR 5222-a [b] [3]).
The exemption notice advises the judgment debtor that his or her bank account is being restrained or frozen (see CPLR 5222-a [b] [4]). The exemption notice also advises the judgment debtor that certain funds, which may be on deposit in the restrained bank account, are exempt from restraint and cannot be taken by the judgment creditor to satisfy the judgment (see CPLR 5222-a [b] [4]). These funds include, among other things, social security benefits, social security disability benefits, and income earned in the last 60 days (90% of which is exempt) (see CPLR 5222-a [b] [4]; Matter of North Shore Univ. Hosp. at Plainview v Citibank Legal Serv. Intake Unit, 25 Misc 3d 655, 657-658 [Nassau Dist Ct 2009]). In addition, the exemption notice, inter alia,
“advises the judgment debtor that to claim the exemption, the judgment debtor should complete the exemption claim form and deliver or mail it to the bank in which the restrained account is maintained and the judgment creditor or the judgment creditor’s attorney within 20 days of the postmark date on the envelope holding the exemption notice” *118 (Matter of North Shore Univ. Hosp. at Plainview v Citibank Legal Serv. Intake Unit, 25 Misc 3d at 658; see CPLR 5222-a [b] [4] [a], [b]).
Analysis
The defendant contends that the restraint on her bank account should be terminated because the plaintiff failed to demonstrate compliance with CPLR 5222-a (b) (3).
The plaintiff counters that it properly served the required documents on Bank of America. With respect to the alleged failure of Bank of America to serve the defendant with the required documents, the plaintiff argues that compliance with CPLR 5222-a (b) (3) in this regard is beyond its control, as Bank of America is not an agent of the plaintiff. Therefore, according to the plaintiff, vacating the restraining notice due to Bank of America’s failure would be unfair and unjust. In any event, the plaintiff argues that the issue is academic, since it served an execution with notice to garnishee upon the marshal directing the marshal to levy the defendant’s bank account. The plaintiff contends that a restraining notice served pursuant to CPLR 5222, and a levy of personal property pursuant to CPLR 5232, are separate and distinct methods of enforcing a judgment, and a judgment creditor may employ either or both methods.
We begin our analysis by finding that the plaintiff demonstrated that on January 4, 2011, it served an information subpoena with restraining notice on Bank of America, which included the exemption notice and at least one exemption claim form.* However, the defendant stated in her affidavit that Bank of America did not send a copy of the restraining notice, exemption notice, and exemption claim form to the defendant, as required by CPLR 5222-a (b) (3). The plaintiff does not claim that Bank of America timely sent the required documents to the defendant, and did not request a hearing on that issue. Indeed, the plaintiff does not seek any further discovery on the issue of whether Bank of America complied with its statutory obliga *119 tions. Under these circumstances, we find that Bank of America did not comply with its obligation under CPLR 5222-a (b) (3) to provide the defendant with a copy of the restraining notice, exemption notice, and exemption claim forms within two business days of its receipt of those documents.
As noted above, the purpose of CPLR 5222-a is to protect judgment debtors from having funds that are exempt from judgment enforcement restrained and seized by judgment creditors (see Midland Funding LLC v Singleton, 35 Misc 3d 410, 412 [Nassau Dist Ct 2012]). Here, the defendant did not have the opportunity to claim that any funds in her Bank of America account were exempt, as she was not provided with notice that such exemptions exist. The defendant first discovered that her account had been frozen when she attempted to make a transaction on January 18, 2011. Prior to the restraint on her account, she received no notice that she could claim that certain funds in her account were exempt.
Thus, the defendant was deprived of due process when her Bank of America account was restrained without her having been afforded notice and an opportunity to claim that any or all of the funds in her account were exempt (see generally Cordius Trust v Kummerfeld Assoc., Inc., 658 F Supp 2d 512, 520-521 [SD NY 2009]). This essentially mirrors the situation that the Southern District found to be unconstitutional in Deary. Indeed, without notice of the restraint on her account and the procedures for asserting possible exemptions, the defendant was, as a practical matter, unable to assert her rights before her property was taken (see Deary v Guardian Loan Co., Inc., 534 F Supp at 1183). The taking of the defendant’s property without notice and an opportunity to claim exemptions amounted to a fundamental due process violation (see Friedman v Mayerhoff, 156 Misc 2d 295, 298 [Civ Ct, Kings County 1992]).
The plaintiffs argument that this issue is academic because the marshal executed a levy against the defendant’s account pursuant to CPLR 5232 is severely undercut by the language of CPLR 5222-a. According to that statute, regardless of whether a judgment creditor seeks to enforce a judgment by means of a restraining notice or by levy execution, the judgment debtor’s banking institution must, in both scenarios, send the proper notice to the judgment debtor. Subdivision (a) of CPLR 5222-a specifically states that any sheriff levying against a natural person’s account pursuant to CPLR 5232 must comply with “this section.” Subdivision (b) (2) of CPLR 5222-a provides that *120 when serving an execution pursuant to CPLR 5232 (a), the sheriff must provide the banking institution with an exemption notice and two exemption claim forms. Moreover, subdivision (b) (3) of CPLR 5222-a specifically states that ‘‘[w]ithin two business days after receipt of the restraining notice or execution” the banking institution shall serve upon the judgment debtor the copy of the restraining notice, exemption notice, and two exemption claim forms (emphasis added).
Therefore, as evidenced by the plain text of CPLR 5222-a, the legislature intended for the banking institution to provide the requisite notice to the judgment debtor regardless of whether a restraining notice or levy is employed to enforce a judgment (see LR Credit 21, LLC v Burnett, 40 Misc 3d 854 [Nassau Dist Ct 2013]). Consequently, the levy executed against the defendant’s account does not render Bank of America’s failure to send the proper notice to the defendant academic.
We now turn to the remedy that should be afforded to the defendant. “CPLR 5240 permits a court ‘at any time, on its own initiative or the motion of any interested person’ to issue an order ‘denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure’ ” (Cruz v TD Bank, N.A., 22 NY3d 61, 75 [2013], quoting CPLR 5240). Thus, the statute grants the court substantial authority to order equitable relief (see id.). Here, while the defendant seeks a termination of the restraint on her account, the plaintiff urges that it should not be faulted for Bank of America’s failure. In fashioning a remedy, we acknowledge that the plaintiff complied with its obligations under CPLR 5222-a, and had no control over Bank of America’s compliance with its statutory obligations. We are also cognizant of the plaintiffs strong interest in the satisfaction of the outstanding money judgment (see Deary v Guardian Loan Co., Inc., 534 F Supp at 1186). On the other hand, the defendant has a strong interest in retaining the funds in her account that are exempt from restraint or execution. Therefore, on balance, we find that it would be inequitable to terminate the restraint on the defendant’s account at this juncture, as the plaintiff has complied with its statutory obligations and is entitled to have its money judgment satisfied. However, prior to any funds in the defendant’s account being turned over for the purpose of satisfying the judgment, the defendant must be afforded an opportunity to claim exemptions in accordance with the procedures outlined in CPLR 5222-a. Thus, upon being served with a copy of this opinion and order, the plaintiff must *121 immediately provide the defendant with an exemption notice and exemption claim forms and, if she wishes to claim any exemptions, she must complete an exemption claim form and deliver or mail it to Bank of America and the attorney for the plaintiff within 20 days after the postmark date on the envelope containing the exemption notice and exemption claim forms (see CPLR 5222-a [b] [4]).
Therefore, we grant that branch of the defendant’s motion which was to vacate the restraining notice and terminate the restraint on her Bank of America account only to the extent indicated above.
The defendant’s remaining contentions are without merit.
Accordingly, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was to vacate a restraining notice issued pursuant to CPLR 5222, which restrained her bank account at Bank of America, and to terminate the restraint on her account, and substituting therefor a provision granting that branch of the motion only to the extent of directing the plaintiff to immediately provide the defendant with an exemption notice and exemption claim forms upon being served with a copy of this opinion and order, and that the defendant be given an opportunity to claim exemptions pursuant to the procedures set forth in CPLR 5222-a, and otherwise denying that branch of the motion; as so modified, the order is affirmed.
Angiolillo, J.P, Dickerson and Cohen, JJ., concur.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was to vacate a restraining notice issued pursuant to CPLR 5222, which restrained her bank account at Bank of America, and to terminate the restraint on her account, and substituting therefor a provision granting that branch of the motion only to the extent of directing the plaintiff to immediately provide the defendant with an exemption notice and exemption claim forms upon being served with a copy of this opinion and order, and that the defendant be given an opportunity to claim exemptions pursuant to the procedures set forth in CPLR 5222-a, and otherwise denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

 In opposition to the defendant’s motion, the plaintiff maintained that the restraining notice served on Bank of America included an exemption claim form, rather than two exemption claim forms, as required by CPLR 5222-a (b) (1). In addition, only one exemption claim form, submitted in connection with the information subpoena with restraining notice, is included in the record. The defendant, however, does not argue that the plaintiff provided Bank of America with only one exemption claim form and, as a result, failed to comply with CPLR 5222-a (b) (1). Therefore, we express no opinion as to whether the plaintiff failed to comply with CPLR 5222-a (b) (1) by providing Bank of America with only one exemption claim form.