Matter of Best Energy Power 2015, LLC v Federal Deposit Ins. Corp. (2023 NY Slip Op 05256)

Matter of Best Energy Power 2015, LLC v Federal Deposit Ins. Corp.

2023 NY Slip Op 05256

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-06683
 (Index No. 605576/21)

[*1]In the Matter of Best Energy Power 2015, LLC, appellant, 
v
Federal Deposit Insurance Corporation, as receiver for Signature Bank, et al., respondents.

Lewis A. Bartell, Old Westbury, NY, for appellant.
Meyner & Landis, LLP, New York, NY (Matthew P. Dolan of counsel), for respondent Federal Deposit Insurance Corporation, as receiver for Signature Bank.
Todd & Levi, LLP, New York, NY (Jill Levi of counsel), for respondent Michaels Electrical Supply Corp.

DECISION & ORDER
In a proceeding pursuant to CPLR 5239 to determine adverse claims to a bank account, the petitioner appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 18, 2021. The order, insofar as appealed from, denied the petitioner's motion to vacate a restraining notice on the subject bank account, denied the petition, and, thereupon, vacated a temporary restraining order dated May 11, 2021, enjoining Signature Bank from releasing any funds in the subject bank account pending the determination of the petition.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In an action entitled Michaels Electrical Supply Corp. v Best Energy Power, LLC, commenced in the Supreme Court, Nassau County, under Index No. 608195/19, Michaels Electrical Supply Corp. (hereinafter Michaels) obtained a judgment in the sum of $27,884.52 against Best Energy Power, LLC (hereinafter Best Energy). To enforce the judgment, Michaels served a restraining notice on a bank account held by Best Energy Power 2015, LLC (hereinafter the petitioner), with Signature Bank. In May 2021, the petitioner commenced this proceeding pursuant to CPLR 5239 to determine adverse claims to the bank account, and moved to vacate the restraining notice. In an order entered August 18, 2021, the Supreme Court, inter alia, denied the petitioner's motion to vacate the restraining notice and denied the petition. The petitioner appeals.
A restraining notice serves as an injunction prohibiting the transfer of the judgment debtor's property (see Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 579; Distressed Holdings, LLC v Ehrler, 113 AD3d 111). A party seeking to enforce a judgment may seek to restrain or prohibit the transfer of a judgment debtor's property in the hands of a third party pursuant to CPLR 5222(b) (see Verizon New England Inc. v Transcom Enhanced Servs., Inc., 21 NY3d 66, 70). Contrary to the petitioner's contention, its status as a distinct entity from Best Energy did not warrant vacating the restraining notice, as the record established that Best Energy was able to access the funds in the petitioner's bank account.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petitioner's motion to vacate the restraining notice and denied the petition.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court