**Law Firm of Alexander D. Tripp, P.C. v Goldman Sachs Group, Inc.**

2024 NY Slip Op 30882(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 652157/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. NANCY M. BANNON</u>     PART       42

*Justice*

-------------------------------------------------------------------------------X

LAW FIRM OF ALEXANDER D. TRIPP, P.C.,

                 Petitioner,

         - v –

GOLDMAN SACHS GROUP, INC., CITIBANK, N.A.,
and JOHN LEOPOLDO FIORILLA,

                 Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652157/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for             <u>TURNOVER PROCEEDING</u> .

## I.     <u>BACKGROUND</u>

In this turnover proceeding pursuant to CPLR article 52, the petitioner, Law Firm of Alexander D. Tripp, P.C., seeks an order directing respondent Goldman Sachs Group, Inc. (Goldman) to turn over up to $131,859.35 from assets held in accounts at Goldman to satisfy a money judgment entered against respondent judgment debtor John Leopoldo Fiorilla, (Fiorilla) and in favor of the petitioner. A judgment in that amount was entered on August 24, 2020, in a breach of contract action commenced in this court by the petitioner against Fiorilla seeking payment of attorney's' fees. [1]

---

[1] In the breach of contract action, *Law Firm of Alexander D. Tripp, P.C. v John Leopoldo Fiorilla (*654991-2019), the court (King, J.), by an order dated March 11, 2022, granted a motion by the plaintiff law firm to serve an additional restraining notice upon "Citigroup Global Markets, Inc., Citibank, N.A." and, by an order dated March 29, 2022, denied a motion by defendant Fiorilla to quash a subpoena served on him by the plaintiff law firm and to modify a restraining notice served on Citibank, N.A. Moving by an Order to Show Cause in that action, dated June 7, 2022, Fiorilla's former wife, Annie Borelli Fiorilla di Santa Croce, sought an order barring the law firm from removing any funds from the 713 account on the ground that the funds are exempt from restraint or attachment as belonging to an irrevocable trust from which Fiorilla pays child support. By an order dated July 6, 2022, the court (King, J.) denied the application without prejudice to renew after the conclusion of the instant turnover proceeding.

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC.     Page 1 of 8
ET AL
Motion No. 001**

1 of 8

[* 1]

The petitioner served Goldman and respondent Citibank, N.A., with information subpoenas and restraining notices dated September 10, 2020. On September 16, 2020, counsel for Fiorilla e-mailed the petitioner stating that his client paid child support from two of the Goldman accounts and demanding that the restraints or sanctions would be sought pursuant to CPLR 5222. On September 17, 2020, Goldman responded by faxed letter identifying three open accounts, specifically "two open accounts in which the judgment debtor may have or had a beneficial ownership interest and a third open account of which the judgment debtor is trustee but of which is not primary beneficiary."

(1) Account # -599 -The John Leopoldo Fiorilla di Santa Croce Revocable Trust U/A DTD 6/24/03 John Leopoldo Fiorilla Di Santa Croce, TTE. - $91.67.

(2) Account # -684 – The John Leopoldo Fiorilla di Santa Croce Revocable Trust U/A DTD 6/24/03 John Leopoldo Fiorilla Di Santa Croce, TTE. Held by GSCO on behalf of GSI -$0.00.

(3) Account # -713 - The Giovanni Maria Fiorilla di Santa Croce 2006 Trust DTD 8/16/06 John Leopoldo Fiorilla di Santa Croce, TEE.  - $58,548.41.

Goldman's counsel's letter further states "Judgment Debtor has an alternative investment as of the Date of Service with Mezzanine Partners 2006/Distressed Managers (Concentrated) Access LLC ("Mezzanine Partners"), which is held away from GSCO and is a private equity interest subject to the terms and conditions of the Fund's agreement(s) provided by its investors. Mezzanine Partners is reported in account number -599 and has a current market value of $33,830.48. Please note that we have no practicable method for identifying beneficial owners whose names are not included in the title of the account."

On May 5, 2022, the petitioner received an exemption notice from Fiorilla dated April 22, 2022, on which he states that an account at Goldman contains the following types(s) of funds: "child support" and "spousal support or maintenance (alimony)". He does not specify which account and provides no address as required, listing only his attorney's office in Somers, N.Y. Notably, Fiorilla claimed the identical exemption in regard to a Citibank account. However, this proceeding was discontinued as against respondent Citibank by stipulation dated July 6, 2022.

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

In response, the petitioner informed Fiorilla's counsel that it would be objecting to the exemption notice. In an affidavit objecting, Alexander Tripp outlines the procedural background as set forth herein, and states that he has a reasonable belief that none of Fiorilla's funds at Goldman and Citibank are exempt as only the recipient of child support or maintenance, the payee, can claim the exemption, not the payor. Tripp further asserts that the exemption notices are untimely as having been filed 18 months after service of the restraining notices, and after "bad-faith delay tactics" by Fiorilla in sending the first notices to an incorrect address for counsel and making a baseless motion to quash. As such, the response received from the banks in 2020 was stale.

Also in May 2022, petitioner notified Fiorilla's counsel by email that Fiorilla never responded to an information subpoena served on August 28, 2020, and the court in the breach of contract case had recently denied his motion to quash that subpoena. Fiorilla's counsel responded by email stating that his client was outside the U.S. and cannot return as he faces civil arrest, without explaining further. The petitioner alleges that the warrant arose from Fiorilla's failure to satisfy one or more other unrelated judgments. The petitioner further alleges that Fiorilla is the managing partner of a venture capital firm in Milan and Dubai and is presently subject to arrest in New York for civil contempt in a matter entitled *Citigroup Global Markets, Inc. v Fiorilla*, Index No. 653017-2013, a case arising from an investment in a hedge fund, in which the petitioner represented Fiorilla and was awarded attorney's fees.

In this proceeding, commenced on May 9, 2022, in an effort to collect on the judgment, the petitioner claims that Fiorilla has submitted baseless and untimely exemption notices upon which he claims that pursuant to CPLR 5205(d)(3), one of the Goldman accounts (713) was exempt from restraints or attachment as it is the account from which he pays child support to his former wife, non-party Annie Borelli Fiorilla di Santa Croce (Borelli). In an order to show cause dated May 31, 2022, the court granted a temporary restraining order enjoining respondents Fiorilla and Goldman Sachs from transferring, encumbering, impairing or assigning "any funds or shares in the custody of Goldman… in which Fiorilla has an interest."

The petitioner initially sought an order directing that Goldman and Citibank turn over "any fund in which Fiorilla has an interest, in a sum sufficient to satisfy the judgment against Fiorilla, including but not limited to the funds and accounts set forth in exhibits E and G to the petition, including Fiorilla's shares in "Mezzanine Partners", with interest and costs." As

652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL
Motion No. 001

Page 3 of 8

3 of 8

[* 3]

Goldman had reported that the 684 account had a zero balance, in its reply affirmation dated July 8, 2022, the petitioner sought an order directing a transfer of the other two accounts (1) $20,249.26, in the 599 account, and that the account otherwise remain subject to the restraining notice, and (2) $65,004.41 in the 713 account.

Respondent Fiorilla did not file any opposition to the petition.

Respondent Goldman opposes the petition by affirmation of counsel, alleging that it held no accounts in the name of the judgment debtor, but only the three accounts previously identified by Goldman in response to the information subpoena.  Goldman noted that, in any event,  the accounts have little or no funds (representing that the 599 had $20,249.64 as of May 31, 2022) and that Fiorilla was claiming that the 713 account was exempt from restraints or attachment. Goldman states that it takes no position and defers to the court's determination as to ownership of the 713 account. Goldman noted that all three accounts are serviced out of the Goldman Sachs Investor Services Private Wealth Management office of Goldman Sachs & Co, LLC (GSCO).

Goldman's counsel noted that the documentation for the 713 account includes a 2006 indenture establishing an irrevocable trust, with a deposit of $10.00, with Annie Borelli as the donor, Fiorilla as the trustee and the "donors' son" as the "income beneficiary" of the trust.  In regard to the "Mezzanine Partners LLC Ownership Interest", counsel stated that the 599 account statements is subject to the terms and conditions of that fund's investor agreements such that neither Goldman nor GSCO had actual possession or custody of the judgment debtor's Mezzanine LLC Interest, and neither can turn such interest over to the petitioner in connection with this proceeding. Counsel further asserts that, in any event, an ownership interest in a limited liability company is not subject to turnover under CPLR 5225(b), since the member's interest is limited to a share of the profits and losses, not the membership itself.[2]

In further opposition, Goldman submitted an affidavit of Rhiannon D. Commisso, a Vice-President at The Ayco Company. L.P. d/b/a Goldman Sachs Ayco Personal Financial

---

[2] Non-party Borelli, an attorney, also submits papers in opposition, but without leave of court, similarly claiming that the funds in the 713 account cannot be reached by her former husband's creditors. Borelli represents that Fiorilla has been non-compliant with child support obligations and requests the court to direct Goldman to wire funds from the accounts directly to her personal checking account so she can pay the children's school tuition, which order would be improper in this proceeding.

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC.          Page 4 of 8
ET AL
Motion No.  001**

[* 4]

Management (Ayco) in which she recounts Goldman's response to the information subpoena and provides a brokerage account statement dated May 31, 2022, showing a balance of $65,004.41. She states that, as to the 713 account, Fiorilla, as trustee, is an "authorized person" on the account and Borelli is an "agent ... authorized to view the account." As to the 599 account, Commisso repeats the comments made by Goldman's counsel.

By the Order to Show Cause dated May 31, 2022, this court issued a Temporary Restraining prohibiting Goldman and Fiorilla from transferring, encumbering, impairing, removing, depleting or assigning any funds or shares in the custody of Goldman in which Fiorilla has an interest. The turnover petition is now granted.

## II.     DISCUSSION

CPLR article 52 governs the "Enforcement of Money Judgments." Section 5222 provides the procedures for serving restraining notices and section 5222-a provides the procedures for claiming exemptions. Section 5240 authorizes the court to make an order "denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." Section 5225 provides the procedures for the "payment or delivery of property of a judgment debtor." This proceeding is brought under CPLR 5225(b) which provides, in relevant part, that:

> "Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment creditor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff."

The petitioner properly sought to secure an order to turn over non-exempt funds in the subject accounts, and properly named and served the respondent bank in this proceeding. See Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc., 117 AD3d 427 (1st Dept. 2014). The petitioner "has complied with its statutory obligations and is entitled to have its money judgment

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL**     **Page 5 of 8**
**Motion No.  001**

[* 5]

5 of 8

satisfied." Distressed Holdings, LLC v Ehrler, 113 AD3d 111, 119 (2nd Dept. 2013). The burden then shifts to the judgment debtor to establish an exemption.

CPLR 5222-a allows a judgment debtor to retain control over exempt funds. See Cruz v TD Bank, N.A., 22 NY3d 61 (2013); Jackson v Bank of America, N.A., 149 AD3d 815 (2nd Dept. 2017); Distressed Holdings, LLC v Ehrler, supra. "[W]hen a judgment creditor seeks to restrain funds in a judgment debtor's bank account, the judgment debtor has the burden of claiming and proving the applicability of an exemption because only he or she knows the source of the funds which may qualify for an exemption." Balanoff v Niosi, 16 AD3d 53, 56 (2nd Dept. 2005) [judgment creditor sought to satisfy judgment from maintenance payments]; see also Swig v Prop. Asset Mgmt.,Svcs., LLC, 85 AD3d 427 (1st Dept. 2011); Vickers v Lavine, 56 AD2d 731 (1st Dept. 1977). Moreover, "the judgment debtor bears the burden of proving his or her reasonable requirements." Id at 57. The judgment debtor here, Fiorilla, did not meet this burden and, having failed to oppose this petition, does not proffer any argument to the contrary.

As correctly argued by the petitioner, Fiorilla submitted untimely exemption notices. Fiorilla's exemption notice was not mailed within 20 days after the restraining notice, but after 1 ½ years, on April 22, 2022. See CPLR 5222-a. In any event, they are without merit. CPLR 5205, provides in relevant part:

> "(d) Income Exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be necessary for the reasonable requirements of the judgment debtor and his dependents: .. (3) payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child, where the child is the judgment debtor.

Fiorilla previously claimed that pursuant to CPLR 5205(d)(3), one of the Goldman accounts was exempt from restraints or attachment as it is the account into from which he pays child support to his former wife, non-party Borelli. Notably, he did not state if he used the account funds for additional purposes or how much was deposited. However, even if Fiorilla used the account to pay child support, the statute makes clear that only support payments received are exempt under the statute. See Ira E. Garr, P.C. v Kinberg, 7 AD3d 453 (1st Dept. 2004). It is undisputed that Fiorilla is not receiving child support payments. Nor, as it seems, was he paying child support to Borelli from any account, at least not consistently. And neither

**652157/2022  LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL**
**Motion No.  001**

**Page 6 of 8**

[* 6]

6 of 8

Borelli nor any child is a judgment debtor, only Fiorilla is the judgment debtor here. Finally, no showing was made that any amount was "necessary for the reasonable requirements of the judgment debtor and his dependents." See Swig v Prop. Asset Mgmt. Svcs., LLC, 85 AD3d 427 (1st Dept. 2011). To the extent Fiorilla remains non-compliant with his child support obligations, that is a matter to be pursued before the judge or court that issued the child support order, not in this proceeding.

While it is true that monies deposited in an irrevocable trust for another are beyond control of the depositor and are not subject to claims of depositor's creditors, a revocable trust is subject to claims of the grantor's creditors." In Re Estate of King. 196 Misc 2d 250 (Surr Ct, Broome County 2003) *quoting* Vanderbilt Credit Corp. v Chase Manhattan Bank, 100 AD2d 544 (2nd Dept. 1984). "A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as the delivery of the passbook or notice to the beneficiary." Matter of Totten, 179 NY 122 (1904); see Silber v Lachs, 33 AD2d 544 (1st Dept. 1969). The judgment debtor, Fiorilla, has not shown that any of the accounts are irrevocable trusts or otherwise exempt.

As previously stated, Goldman has asserted that Mezzanine Partners, a private equity interest "held away from GSCO", was reported in the 599 account and that it had "no practicable method for identifying beneficial owners whose names are not included in the title of the account." This account is identified only as "The John Leopoldo Fiorilla di Santa Croce Revocable Trust U/A DTD 6/24/03, John Leopoldo Fiorilla Di Santa Croce, TTE" such that these funds are presumed to be in Fiorilla's control and subject to restraint. As Fiorilla has failed to demonstrate a basis for any exemption as to this account, this account is not shielded from his judgment creditors.

III.    CONCLUSION

Accordingly, and upon the foregoing papers, it is

ORDERED that the petition is granted and respondent Goldman Sachs Group, Inc. is directed,  within 45 days of receipt of this order with notice of entry, to deliver to the petitioner, Law Firm of Alexander D. Tripp, P.C., all sums up to $131,859.35 11, plus interest at 9% per

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL
Motion No.  001**

**Page 7 of 8**

7 of 8

[* 8]

annum from November 9, 2021, that it holds in the name of respondent judgment debtor John Leopoldo Fiorilla Di Santa Croce, by certified, bank, or treasurer's check, payable to the petitioner, and it is further,

ORDERED that the temporary relief granted in the order to show cause dated May 31, 2022, enjoining respondents John Leopoldo Fiorilla Di Santa Croce and Goldman Sachs Group, Inc. from transferring, encumbering, impairing or assigning "any funds or shares in the custody of Goldman… in which Fiorilla has an interest", shall be vacated upon full compliance with the above directive, and it is further

ORDERED that the petitioner shall serve a copy of this order with notice of entry upon respondent Goldman Sachs Group, Inc. and the respondent judgment debtor, John Leopoldo Fiorilla Di Santa Croce or his counsel, by overnight mail service and regular mail, return receipt requested, within 15 days of this order, and it is further

ORDERED that, upon the stipulation dated July 6, 2022, the proceeding is discontinued as against respondent Citibank, N.A., without prejudice.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**3/18/2024**
**DATE**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652157/2022   LAW FIRM OF ALEXANDER D. TRIPP, P.C. vs. GOLDMAN SACHS GROUP, INC. ET AL**
**Motion No.  001**

**Page 8 of 8**

8 of 8