■ ROBERT MACDONALD, Appellant, v WINDFIELD BUSINESS PAPERS, INC., Respondent. [705 NYS2d 251] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 2, 1999, which denied his motion to dismiss the defendant's counterclaims as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the counterclaims are dismissed.

The defendant's original answer did not give notice of the transactions and occurrences which are the basis of the counterclaims asserted in the amended answer. Since the defendant's pleadings fail to satisfy the notice requirement of CPLR 203 (f), the counterclaims for defamation and tortious interference with contractual relations should have been dismissed as barred by the Statute of Limitations (*see, Padua v Falow,* 230 AD2d 834; *Hager v Hager,* 177 AD2d 401; *Bernstein v Spatola,* 122 AD2d 97; *Shapiro v Schoninger,* 122 AD2d 38; *see also,* CPLR 215 [3]; 214 [4]; *Marine Midland Bank v Rench,* 208 AD2d 688). Bracken, J. P., Joy, Goldstein and Feuerstein, JJ., concur.

■ FRANKLIN MAISANO, Appellant, v STUART I. BECKOFF et al., Defendants. STEVEN J. EICHBERG, Nonparty-Respondent. [705 NYS2d 251] —In an action, *inter alia,* to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), entered July 1, 1999, which granted the motion of Steven J. Eichberg to vacate an order of attachment insofar as it was applied to a certain account in his name with Prudential Securities, Inc.

Ordered that the order is affirmed, with costs.

The plaintiff failed to adduce sufficient evidence that the defendant Stuart I. Beckoff had an attachable interest in the subject account (*see,* CPLR 6223 [b]; *see also, Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167). Accordingly, the Supreme Court properly vacated the order of attachment.

The plaintiff's remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.