■ In the Matter of STEVEN J. EICHBERG, Respondent, v FRANKLIN MAISANO, Appellant. [767 NYS2d 795]—

In a proceeding pursuant to CPLR 6212 (e) and 6221 to recover damages for wrongful attachment, Franklin Maisano appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered August 30, 2002, as granted the petition to the extent of determining that Franklin Maisano was liable for the damages sustained by the petitioner due to the wrongful attachment of the petitioner's property and referred the matter for a hearing to report on the amount of the petitioner's damages pursuant to CPLR 6212 (e).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant contends that he is not liable for any damages sustained by the petitioner due to the wrongful attachment of the petitioner's property because the levy upon the petitioner's brokerage account was the result of the petitioner's culpable conduct in opening the account with another person's Social Security number. However, an attaching party is strictly liable for all damages resulting from a wrongful attachment, without regard to fault (*see* CPLR 6212 [e]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6212:8). CPLR 6212 (e) recognizes that "attachment is a drastic provisional remedy to be used with care" (*Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291, 303 [1984], quoting 22nd Ann Report of Jud Conf on CPLR, at 256).

The legal expenses incurred by the petitioner to vacate the order of attachment granted in the course of an action to re-

cover damages for fraud commenced by the appellant (*see Maisano v Beckoff*, 270 AD2d 399 [2000]) constitute "damages . . . sustained by reason of the attachment" within the intent and meaning of CPLR 6212 (e) (*see Thropp v Erb*, 255 NY 75, 81 [1930]; *cf. Marcella's Appliances Sales & Servs. v General Elec. Credit Corp.*, 76 AD2d 990 [1980]). Accordingly, the Supreme Court properly determined that the appellant was liable for the petitioner's damages.

The appellant's argument with respect to certain of the Supreme Court's factual findings does not require reversal. S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.