■ Ari Yemini, Also Known as Arieh Yemini, Individually, Plaintiff/Counterclaim Defendant-Appellant-Respondent, and Ari Yemini, Also Known as Arieh Yemini, as a Member of Peninsula Holdings, LLC, et al., Appellants-Respondents, v Oded Goldberg et al., Defendants/Counterclaim Plaintiffs-Respondents-Appellants, et al., Defendant. ANO, Inc., et al., Additional Counterclaim Defendants-Respondents. (And a Third-Party Action.) [930 NYS2d 69]—

The plaintiff/counterclaim defendant, Ari Yemini, also known as Arieh Yemini, individually (hereinafter Yemini), and the plaintiffs Peninsula Holdings, LLC, and Ari Yemini, also known as Arieh Yemini, in his capacity as a member of Peninsula Holdings, LLC (hereinafter together the LLC plaintiffs), commenced this action alleging, inter alia, that the defendants Oded Goldberg and Goldberg Commodities, Inc. (hereinafter together the defendants), failed to make certain required capital contributions to the plaintiff Peninsula Holdings, LLC. In their second amended answer, the defendants counterclaimed against Yemini and joined ANO, Inc. (hereinafter ANO), among others, as an additional counterclaim defendant. ANO was formed in 1999 for the purpose of purchasing an interest in the additional counterclaim defendant Candlewood Holdings, LLC (hereinafter Candlewood). This appeal concerns the defendants' contention, which is the subject of their first three counterclaims, that they own 50% of ANO, and, through ANO, one third of Candlewood. At the time of the formation of ANO, Yemini and the defendant Oded Goldberg (hereinafter Goldberg), entered into a nominee agreement in which Goldberg, as the principal, appointed Yemini as his nominee with respect to his 50% ownership interest in ANO. At some point after entering into the nominee agreement, Goldberg assigned his interest in ANO to Goldberg Commodities, Inc. (hereinafter GCI). This Court previously held that the defendants established their entitlement to a preliminary injunction preventing Yemini from taking any unilateral action concerning ANO without the defendants' consent (*see Yemini v Goldberg*, 60 AD3d 935 [2009]).

In an order dated November 17, 2009, the Supreme Court granted those branches of the defendants' motion which were for summary judgment on their first three counterclaims, and severed and continued the fourth though twelfth counterclaims. Subsequently, the defendants moved to compel Yemini and the

LLC plaintiffs, inter alia, to comply with its order dated November 17, 2009. Yemini, along with the LLC plaintiffs, cross-moved for leave to reargue Yemini's opposition to those branches of the defendants' initial motion which were for summary judgment on the first, second, and third counterclaims. Upon granting reargument, the Supreme Court correctly adhered to its original determination, in which it concluded that the defendants established their prima facie entitlement to judgment as a matter of law on the first three counterclaims, based on their showing that GCI owns 50% of ANO (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, Yemini failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Moreover, Yemini failed to establish that the defendants' motion should have been denied pending discovery (*see* CPLR 3212 [f]; *Lambert v Bracco*, 18 AD3d 619, 620 [2005]).

However, with respect to their contention that Yemini and the LLC plaintiffs failed to comply with certain court orders, including the order of the Supreme Court dated November 17, 2009, the defendants identify no particular acts undertaken by ANO or Candlewood that were beyond the powers granted to those entities in their respective corporate charters. Accordingly, in its order entered February 24, 2010, the Supreme Court correctly denied that branch of the defendants' motion which was to invalidate all corporate elections conducted by, and all actions taken by, ANO and Candlewood since August 5, 2005 (*see* Business Corporation Law § 203; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 113 [1986]; *Jemison v Citizens' Sav. Bank of Jefferson, Tex.*, 122 NY 135, 140-141 [1890]). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.