# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**169**
**CA 11-01800**
PRESENT: SMITH, J.P., SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

CORNELL DAVIS, JR., CLAIMANT-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 114998.)
(APPEAL NO. 2.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MULDOON & GETZ, ROCHESTER (JON P. GETZ OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Renee Forgensi
Minarik, J.), entered March 25, 2011.  The judgment awarded claimant
the sum of $149,985 against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the claim is dismissed.

Memorandum:  Claimant commenced this action seeking damages for
defendant's alleged breach of a statutory duty owed to claimant under
Correction Law former § 601-a.  In 2001, claimant pleaded guilty to a
nonviolent, class E felony.  Because claimant was a second felony
offender, the maximum period of incarceration to which he could be
sentenced was an indeterminate term of two to four years.  Claimant
was sentenced, however, to a determinate term of incarceration of four
years, to be followed by five years of postrelease supervision (PRS).

An employee with the Department of Correctional Services (DOCS)
noticed the error and informed the sentencing court thereof.  No
further action was taken by DOCS or the sentencing court, and claimant
was released to PRS on December 10, 2004.  While claimant was on PRS
he had multiple PRS violations and was reincarcerated.  Eventually,
claimant learned that his original sentence was unlawful, and he moved
pursuant to CPL 440.20 to set aside his original sentence.  On January
29, 2008, claimant's original sentence was set aside as unlawful, and
he was resentenced to an indeterminate term of incarceration of two to
four years, with a maximum expiration date of July 9, 2005.

Claimant moved for partial summary judgment on the issue of
liability, alleging that DOCS had a duty under Correction Law former §

601-a to inform the District Attorney of claimant's unlawful sentence, rather than the sentencing court.  The Court of Claims granted the motion on the ground that, based on former section 601-a, defendant had breached a duty owed to claimant, and that the breach resulted in claimant's unlawful confinement.  After a brief trial on the issue of damages, the court by the judgment on appeal awarded claimant monetary damages for his unlawful confinement.  Defendant contends that the court erred in doing so, and we agree.

We reject defendant's narrow interpretation of its obligations under Correction Law former § 601-a.  " '[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning' " (*Pultz v Economakis*, 10 NY3d 542, 547; *see Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc.*, 61 AD3d 146, 149), and there is no need to resort to rules of construction (*see generally Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107).  Here, the plain meaning of former section 601-a is that the warden had a duty to contact the District Attorney when a person was sentenced as a multiple felony offender and the warden believed that the person was erroneously sentenced.  Claimant thus was correct in contending in support of his motion for partial summary judgment on liability that this case falls within the plain meaning of the former statute, and that the District Attorney should have been contacted.

Nevertheless, we agree with defendant that it is not liable to claimant because there is no private right of action under Correction Law former § 601-a.  Although defendant did not advance that contention before the trial court, we conclude that it is "[a] question of law appearing on the face of the record . . . [that] could not have been avoided by the opposing party if brought to its attention in a timely manner," and thus it may be raised for the first time on appeal (*Oram v Capone*, 206 AD2d 839, 840).  Pursuant to the plain language of the statute, there is no explicit private right of action under former section 601-a, and such a private right of action therefore must be inferred from the former statute in order for claimant to recover for breach of a duty owed to him under that statute (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634).  Such a private right of action may not be inferred here, however, because to do so "would be inconsistent with the legislative scheme" (*McLean v City of New York*, 12 NY3d 194, 200; *see generally Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 38-42).  It is beyond cavil that the Legislature knew how to include a private right of action in the former statute if it intended to do so and, "[c]onsidering that the statute gives no hint of any private enforcement remedy for money damages," we will not infer that the Legislature in fact intended to do so (*Mark G. v Sabol*, 93 NY2d 710, 721).  We therefore conclude that the court erred in finding defendant liable to claimant under the former statute and in granting judgment in favor of claimant.

To the extent that claimant contends as an alternative ground for affirmance that defendant's actions were not privileged, that contention is without merit (*see Collins v State of New York*, 69 AD3d 46, 51-52).  Finally, claimant contends as an alternative ground for affirmance that there was a valid, nonstatutory cause of action

against defendant because DOCS created a special relationship with claimant when it notified the sentencing court of the error.  That contention is not properly before us because it was not raised before the trial court (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985), and in any event it is without merit.  There is no evidence in the record that claimant knew of the letter to the sentencing court and justifiably relied on the affirmative undertaking of DOCS in communicating with that court (*see McLean*, 12 NY3d at 201-202; *cf. De Long v County of Erie*, 60 NY2d 296, 305).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court