■ In the Matter of the Judicial Dissolution of CANDLEWOOD HOLDINGS, INC., et al., Respondents. ROSALIE MOORE, Appellant, et al., Respondent. ODED GOLDBERG et al., Nonparty Appellants. [2 NYS3d 184]—

In a proceeding pursuant to Business Corporation Law § 1102 for the judicial dissolution of a closely held corporation, Rosalie Moore and nonparties Oded Goldberg and Goldberg Commodities, Inc., appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated May 2, 2013, which, upon a decision date March 5, 2013, made without a hearing, granted the petition and directed the dissolution of the corporation.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners, alleging that they are the duly elected directors of Candlewood Holdings, Inc. (hereinafter Candlewood), commenced this proceeding seeking the judicial dissolution of Candlewood pursuant to Business Corporation Law § 1102. The respondent ANO, Inc. (hereinafter ANO), owns two thirds of Candlewood's outstanding stock, and the respondent Rosalie Moore owns the remaining one third. The petitioner Arieh Yemini owns 50% of ANO, and the nonparty appellant Oded Goldberg indirectly owns the other 50% of ANO (*see Yemini v Goldberg*, 88 AD3d 695 [2011]). Goldberg and Moore opposed the petition, arguing, inter alia, that the petitioners lacked standing to commence a dissolution proceeding under Business Corporation Law § 1102 because they are not the duly elected directors of Candlewood. The Supreme Court determined that the petitioners did not represent a majority of Candlewood's board and, thus, lacked standing to seek dissolution under Business Corporation Law § 1102. However, the court found that Arieh Yemini had standing to seek common-law dissolution of Candlewood and applied the remedy of common-law dissolution in granting the petition.

Contrary to the petitioners' contention, the Supreme Court properly determined that they lacked standing to seek dissolution of Candlewood pursuant to Business Corporation Law § 1102, since they do not represent a majority of the corporation's duly elected board of directors (*see Parochial Bus Sys. v*

*Board of Educ. of City of N.Y.,* 60 NY2d 539, 545-546 [1983]). However, as the appellants correctly contend, the court should have dismissed the petition rather than grant the petition for dissolution on a ground that was not raised by the petitioners and was inapplicable to the circumstances. "[T]he remedy of common-law dissolution is available *only* to minority shareholders who accuse the majority shareholders and/or the corporate officers or directors of looting the corporation and violating their fiduciary duty" (*Matter of Sternberg [Osman],* 181 AD2d 897, 897-898 [1992]; *see Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 69-70 [1984]; *Leibert v Clapp,* 13 NY2d 313, 315-317 [1963]; *Ferolito v Vultaggio,* 99 AD3d 19, 28 [2012]). The petitioners did not allege that a majority of shareholders, the directors, or the officers looted the corporation or breached a fiduciary duty to Arieh Yemini as a minority shareholder. Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding upon determining that the petitioners lacked standing under Business Corporation Law § 1102.

The petitioners' contentions regarding the statute of limitations, res judicata, and collateral estoppel are improperly raised for the first time on appeal. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.