■ In the Matter of SHIMSON JALAS et al., Respondents, v ISRAEL HALPERIN et al., Respondents, and ADINA S. HALPERIN, as Administrator of the Estate of RAE RICKY HALPERIN, Deceased, Appellant. [25 NYS3d 264]—

In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award, Adina S. Halperin, as administrator of the estate of Rae Ricky Halperin, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated December 2, 2013, as granted that branch of her motion which was pursuant to CPLR 6212 (e) for an award of the costs and damages, including reasonable attorney's fees, sustained as a result of the attachment by the petitioners of the assets of the Estate of Rae Ricky Halperin only to the extent of awarding any damages proven to have occurred before December 28, 2010, and only those attorney's fees and expenses which were related to the damages caused by the attachment, as provided in CPLR 6212 (e), and not previously reimbursed.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of Adina S. Halperin, as administrator of the estate of Ricky Halperin, pursuant to CPLR 6212 (e) only to the extent of awarding damages proven to have occurred before December 28, 2010, and substituting therefor a provision awarding damages proven to have occurred before April 5, 2011; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award, Goldmark, Inc., and its principal, Shimson Jalas (hereinafter together the petitioners), were granted an order of attachment against the assets of Israel Halperin (hereinafter Israel), H.B. International, Ltd. (hereinafter H.B.), and the estate of Israel's deceased wife, Rae Ricky Halperin (hereinafter the estate). Subsequently, the order of attachment was confirmed. Adina S. Halperin (hereinafter the administrator) was appointed as administrator of the estate. In a previous appeal in this case, this Court determined, among other things, that the Supreme Court was without jurisdiction over the estate to issue the order granting the petitioners' motion to confirm the attachment (*see Matter of Jalas v Halperin*, 85 AD3d 1178 [2011], *recalling and vacating* 79 AD3d 1126 [2011]).

By order dated April 1, 2011, the Supreme Court, Kings County, granted the administrator's motion to strike the order of attachment from the records of the Clerk of Kings County and the Register of Deeds in Kings County. A document in the record appears to indicate that the attachment was removed or "Satisf[ied]" on April 5, 2011.

The administrator moved, inter alia, pursuant to CPLR 6212 (e) to recover costs and damages, including attorney's fees, sustained by reason of the attachment. By order dated December 2, 2013, the Supreme Court, Kings County, inter alia, determined the administrator's motion. The Supreme Court referred the matter to a special referee to hear and report on the claim for costs and damages sustained by reason of the attachment. In so doing, the Supreme Court determined that such costs and damages were "limited to those proven to have occurred after the date of the order of attachment (February 11, 2008) and before the date of the first decision of the Appellate Division (December 28, 2010) which annulled the attachment by operation of law."

The Supreme Court erred in limiting recovery of the costs and damages sustained by reason of the attachment to those occurring before this Court's decision and order dated December 28, 2010. CPLR 6212 (e) provides, in part, that "[t]he plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property." This provision does not limit the time period for which a defendant may recover damages arising from the attachment, but, rather,

permits a defendant to recover "all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment." The attachment was not removed until April 5, 2011. It is conceivable that the administrator sustained costs and damages by reason of the attachment until the attachment was removed as a matter of record. Accordingly, we modify the order appealed from to provide that the administrator shall be awarded damages proven to have occurred before April 5, 2011.

The administrator's remaining contention is without merit. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.