■ CITIBANK, N.A., et al., Appellants, v KEENAN POWERS & ANDREWS PC et al., Defendants, and SECURE TITLE AGENCY INC., Respondent. [49 NYS3d 895]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 22, 2015, which granted defendant Secure Title Agency, Inc.'s (Secure Title) motion, pursuant to CPLR 6212 (e), for an award of $491,134.46 in attorneys' fees and related litigation costs, plus interest, as the result of the wrongful attachment of its property, unanimously affirmed, with costs.

A stipulation modifying an order of attachment does *not* negate an attachment or eliminate the attached party's right to damages under CPLR 6212 (e). Here, the wrongful attachment did not flow from the parties' stipulations but from an order of attachment itself, which was sought and obtained by plaintiffs against Secure Title and other defendants when they commenced the case. Plaintiffs are also incorrect in asserting that there was no underlying attachment because the sheriff did not levy on Secure Title's accounts (*First Merchant Bank OSH, Ltd. v Village Roadshow Pictures*, 2002 WL 1423063, *8-10, 2002 US Dist LEXIS 11769, *27-31 [SD NY, June 28, 2002, No. 01 CIV 8370(GEL)]). Even if one were to accept this argument, Secure Title's accounts were in fact frozen and/or levied upon on at least two occasions.

Thus, Secure Title is entitled to the damages it suffered as a result of the wrongful attachment (CPLR 6212 [e]). A finding of fault is not required to recover damages under this provision, as plaintiffs are "strictly liable" for the damages they caused (*Bank of N.Y. v Norilsk Nickel*, 14 AD3d 140, 149 [1st Dept 2004], *lv dismissed* 4 NY3d 846 [2005]). Under the circumstances, we find that the full amount of defense costs incurred by Secure Title in the underlying litigation was recoverable as damages for plaintiffs' wrongful attachment under CPLR 6212 (e) (*A.C. Israel Commodity Co. v Banco Do Brasil, S.A.*, 50 Misc 2d 362, 366 [Sup Ct, NY County 1966], citing *Thropp v Erb*, 255 NY 75, 80 [1930]; *Correspondent Servs. Corp. v J.V.W. Inv. Ltd.*, 524 F Supp 2d 412, 417-419 [SD NY 2007]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.