■ DELORES JACKSON et al., Respondents, v BANK OF AMERICA, N.A., Appellant. [53 NYS3d 71]—

In a putative class action, inter alia, to recover damages for the restraint of bank accounts in violation of the Exempt Income Protection Act of 2008 (L 2008, ch 575) and for injunctive relief, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 21, 2013, as denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging violations of the Exempt Income Protection Act of 2008, and (2) so much of an order of the same court dated January 16, 2015, as granted the plaintiffs' motion to convert the cause of action alleging violations of the Exempt Income Protection Act of 2008 into a special proceeding pursuant to CPLR article 52, and denied that branch of its cross motion which was for leave to renew and reargue that branch of its prior motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging violations of the Exempt Income Protection Act of 2008.

Ordered that the appeal from so much of the order dated January 16, 2015, as denied that branch of the defendant's motion which was for leave to reargue that branch of its prior mo-

tion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging violations of the Exempt Income Protection Act of 2008 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 21, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 16, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This putative class action was commenced by the plaintiffs seeking, inter alia, injunctive relief and money damages against their bank, the defendant, Bank of America, N.A. (hereinafter BOA), based on allegations that accounts they held at New York City BOA branches were restrained in violation of the Exempt Income Protection Act of 2008 (L 2008, ch 575) (hereinafter the EIPA). The plaintiffs are judgment debtors whose bank accounts were restrained by judgment creditors in anticipation of enforcement of money judgments pursuant to CPLR article 52. The plaintiffs Delores Jackson and her daughter Shawn Jackson (hereinafter together the Jackson plaintiffs) allege that, when a restraining notice was sent to BOA by a nonparty judgment creditor of Shawn Jackson, BOA aggregated the amounts in their joint savings and joint checking accounts, sent Shawn Jackson a check for the statutorily exempt amount of $1,740, restrained the remaining funds in their accounts, and charged them related bank fees. The plaintiff Odamis Villa similarly alleges that, when a restraining notice was sent to BOA by a nonparty judgment creditor, BOA aggregated the amounts in his savings and checking accounts, sent him a check for the statutorily exempt amount of $1,740, restrained the remaining funds in his accounts, and charged him related bank fees.

The plaintiffs allege that the restraints were invalid because BOA improperly aggregated the total amount of funds on deposit for the purpose of determining the amount that was statutorily exempt from restraint in violation of CPLR 5222 (i) rather than apply the exemption to each account, automatically sent them checks for the exempt funds, thereby depriving them of the ability to use those funds in their banks, and improperly assessed them fees associated with the restraint in violation of CPLR 5222 (j). As redress for these alleged wrongs, the plaintiffs seek monetary damages, including reimbursement of funds restrained and disbursed in error as well as any consequential damages caused by the lack of access to funds, punitive damages, and injunctive relief. The plaintiffs allege

that BOA employed a general practice of noncompliance with the EIPA, and seek class action certification on behalf of themselves and other similarly-situated account holders.

BOA moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, contending that it complied with the EIPA and, in any event, the EIPA does not create a private right of action permitting an account holder to bring a plenary action against a depository bank seeking injunctive relief or money damages arising from a violation of the EIPA. The Supreme Court denied the motion in an order dated May 21, 2013.

Thereafter, the Court of Appeals, answering two questions certified by the United States Court of Appeals for the Second Circuit, held that: (1) a private right to bring a plenary action for injunctive relief and money damages cannot be implied from the EIPA, and (2) the only relief available to a judgment debtor from a bank arising from a violation of the EIPA is that provided in CPLR article 52 (*see Cruz v TD Bank, N.A.*, 22 NY3d 61, 78-79 [2013]). In light of the Court of Appeals' decision in *Cruz*, the plaintiffs moved pursuant to CPLR 103 (c) to convert the cause of action alleging violations of the EIPA into a special proceeding pursuant to CPLR 5239 and 5240. BOA cross-moved for leave to renew and reargue its prior motion to dismiss the complaint. By order dated January 16, 2015, the Supreme Court granted the plaintiffs' motion, denied that branch of BOA's cross motion which was for leave to renew as academic, and denied that branch of the cross motion which was for leave to reargue on the ground that the court did not misapprehend or overlook either the facts or the law.

The plaintiffs withdrew their common-law causes of action at the time they moved to convert the cause of action alleging violations of the EIPA into a special proceeding pursuant to CPLR article 52. With respect to the remaining cause of action, which alleges that BOA violated the EIPA, the Court of Appeals has held that the exclusive remedy for a judgment debtor alleging that his or her bank has violated the EIPA is a special proceeding pursuant to CPLR article 52 (*see Cruz v TD Bank, N.A.*, 22 NY3d at 78-79). Although we agree with BOA's contention that the plaintiffs herein seek certain relief—including punitive damages and a permanent injunction—that is not available in a proceeding pursuant to CPLR article 52, we reject its contention that, as a result, the action must be dismissed in its entirety. An action should not be dismissed because it was not brought in the proper form or because the plaintiff requested relief to which he or she was not entitled (*see* CPLR 103 [c]; *Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d

34, 41 [1968]; *Wander v St. John's Univ.*, 99 AD3d 891, 893-894 [2012]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d 752 [2008]; *Matter of Maggi v Maggi*, 187 AD2d 722 [1992]).

Although the plaintiffs did not commence this action as a special proceeding pursuant to CPLR article 52, " '[g]enerally, where an action or proceeding is brought in the wrong form or under an inappropriate statute, the court, in its discretion, may deem it brought in a proper fashion, thus avoiding a dismissal' " (*Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d at 755, quoting *Matter of Schmidt [Magnetic Head Corp.]*, 97 AD2d 244, 250 [1983]). Consequently, the Supreme Court properly exercised its discretion in granting the plaintiffs' motion to convert the cause of action alleging violations of the EIPA into a special proceeding pursuant to CPLR article 52 (*see* CPLR 103 [c]; *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 653 [1976]; *Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 94 [1975]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d at 755; *Melvin v Union Coll.*, 195 AD2d 447 [1993]).

CPLR article 52 sets forth procedures for the enforcement of money judgments in New York, which may include the imposition of a restraining notice against a judgment debtor's bank account to secure funds for later transfer to the judgment creditor through a sheriff's execution or turnover proceeding (*see generally Cruz v TD Bank, N.A.*, 22 NY3d 61 [2013]; *Distressed Holdings, LLC v Ehrler*, 113 AD3d 111 [2013]). Under both federal and state law, certain types of funds are exempt from restraint or execution, including Social Security benefits, public assistance, unemployment insurance, pension payments and the like (*see generally* CPLR 5205). Although the clear legislative intent is that funds of this nature are not to be subject to debt collection (and therefore excluded from any pre-execution restraint), prior to 2008, banks served with restraining notices often inadvertently froze accounts containing income from these sources, leaving judgment debtors without access to much-needed exempt funds (*see Cruz v TD Bank, N.A.*, 22 NY3d at 66-67; *Distressed Holdings, LLC v Ehrler*, 113 AD3d at 114-116).

The EIPA was intended to ameliorate this problem, amending certain existing statutes in CPLR article 52 and adding a new CPLR 5222-a (*see* L 2008, ch 575). The amendments restricted the scope of the restraint that can be implemented against the bank account of a natural person and created a new procedure aimed at ensuring that this class of judgment

debtors is able to retain access to exempt funds (*see generally Cruz v TD Bank, N.A.*, 22 NY3d at 66). In substance, subject to limited exceptions consistent with federal law, the EIPA precludes a bank from restraining baseline minimum balances in a "natural person's" account absent a court order. Specifically, $2,500 is free from restraint "if direct deposit or electronic payments reasonably identifiable as statutorily exempt payments . . . were made to the judgment debtor's account during the [45] day period preceding" the restraint (CPLR 5222 [h]). Otherwise, the statute excludes from restraint an amount that corresponds to 240 times the hourly minimum wage under the federal or state minimum wage laws, whichever is greater, to be periodically adjusted—$1,740 as of July 2009, and as of the service of the subject restraining notices (*see* CPLR 5222 [i]). In addition to limiting the scope of a restraint, the EIPA added new notification and claim procedures in CPLR 5222-a intended to educate judgment debtors concerning the types of funds that are exempt from restraint or execution in order to facilitate the filing of exemption claims.

Insofar as is relevant here, CPLR 5222 (i), which is entitled, "Effect of restraint on judgment debtor's banking institution account," provides that a restraining notice "shall not apply to an amount equal to or less than [$1,740 at the time the subject accounts were restrained] except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents" (CPLR 5222 [i]). It further provides that if an "account contains an amount equal to or less than [90%] of [$1,740 at the time the subject accounts were restrained], the account shall not be restrained and the restraining notice shall be deemed void, except as to those funds that a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents" (CPLR 5222 [i]).

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint or petition on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's or petitioner's allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d 634, 636 [2013]). On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be

true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Where evidentiary material is submitted and considered on a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

Here, the plaintiffs, pointing to the Legislature's use of the term "account" in the singular in CPLR 5222 (i), contend that CPLR 5222 (i) should be applied separately to each account. Therefore, the plaintiffs urge, even though the total balance of their respective bank accounts was greater than $1,740, BOA could not lawfully restrain any of their accounts that contained 90% of $1,740 or less, and the first $1,740 of each of their accounts containing over $1,740 was exempt from restraint or execution. BOA, pointing to the Legislature's use of the phrase "amount equal to or less than [$1,740]" in the statute, contends that the total amount in restrained bank accounts must be aggregated to calculate the statutory exemption.

" 'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature' " (*Matter of Shannon*, 25 NY3d 345, 351 [2015], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). Since " 'the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (*Matter of Shannon*, 25 NY3d at 351, quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d at 583; *see Consedine v Portville Cent. School Dist.*, 12 NY3d 286, 290 [2009]). In determining legislative intent, "[t]he plain meaning of the language of a statute must be interpreted 'in the light of conditions existing at the time of its passage and construed as the courts would have construed it soon after its passage' " (*People v Litto*, 8 NY3d 692, 697 [2007], quoting *People v Koch*, 250 App Div 623, 624 [1937]; *see Consedine v Portville Cent. School*

*Dist.*, 12 NY3d at 290; *Riley v County of Broome*, 95 NY2d 455, 463-464 [2000]; *Matter of Seidel v Board of Assessors, County of Nassau*, 88 AD3d 369, 378 [2011]). "[W]here the language is ambiguous, we may examine the statute's legislative history" (*Matter of Shannon*, 25 NY3d at 351 [internal quotation marks omitted]). Although, in general, courts defer to the construction of statutes by the authority responsible for their administration, where the question is one of "pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent," a court is "free to ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y.*, 14 AD3d 553, 556 [2005] [internal quotation marks omitted], *affd* 7 NY3d 451 [2006]; *see Matter of T-Mobile Northeast, LLC v DeBellis*, 143 AD3d 992, 994 [2016]).

Applying these principles, we find that CPLR 5222 (i) is ambiguous as to whether it applies to an "amount" on deposit at a bank or to each "account" maintained at a bank. Turning to the legislative history of the EIPA, the bill jacket indicates that the stated legislative purpose was to create a procedure for the execution of money judgments on bank accounts containing exempt funds to ensure that debtors can keep access to exempt funds (*see* L 2008, ch 575). The legislative history, as reflected in the bill jacket, particularly in a letter in support of the bill written by the bill's Assembly sponsor, Helene Weinstein, indicates that the statute applies to each account.

Accordingly, BOA failed to establish its entitlement to dismissal of the cause of action alleging violations of the EIPA, and that branch of its motion pursuant to CPLR 3211 (a) was properly denied.

BOA's contentions with respect to certain of the Supreme Court's factual findings made in the order dated May 21, 2013, either do not require reversal of that order (*see Matter of Eichberg v Maisano*, 2 AD3d 444, 445 [2003]), or were raised only in connection with that branch of BOA's subsequent cross motion which was for leave to reargue, the denial of which is not appealable (*see Cash on the Spot ATM Servs., LLC v Camia*, 144 AD3d 961, 963 [2016]; *Diller v Munzer*, 141 AD3d 630, 631 [2016]; *Finch v Dake Bros., Inc.*, 139 AD3d 1001, 1002 [2016]).

BOA's contention that an order of the Civil Court, Kings County, directing it to turn over certain of the Jackson plaintiffs' funds to the judgment creditor was res judicata with regard to the Jackson plaintiffs' claims is improperly raised for the first time on appeal (*see Matter of Candlewood Holdings, Inc. [Moore]*, 124 AD3d 775, 776 [2015]).

BOA's remaining contentions are without merit. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.