World Global Capital, LLC v Sahara Rest. Corp. (2023 NY Slip Op 04156)

World Global Capital, LLC v Sahara Rest. Corp.

2023 NY Slip Op 04156

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-01504
 (Index No. 504732/18)

[*1]World Global Capital, LLC, etc., appellant,
v
Sahara Restaurant Corp., etc., et al., defendants; Capital Stack, LLC, nonparty-respondent.

Murray Legal, PLLC, Mineola, NY (Christopher R. Murray of counsel), for appellant.
The Rubin Law Firm, PLLC, New York, NY (Jonathan Samon of counsel), for nonparty-respondent.

DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 13, 2019. The order, sua sponte, converted that branch of the motion of nonparty Capital Stack, LLC, which was for a preliminary injunction into a special proceeding pursuant to CPLR 5239, and, thereupon, granted that branch of the motion.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, converted that branch of the motion of nonparty Capital Stack, LLC, which was for a preliminary injunction into a special proceeding pursuant to CPLR 5239, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of nonparty Capital Stack, LLC, which was for a preliminary injunction, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs payable by nonparty Capital Stack, LLC, to the plaintiff.
On December 7, 2017, the plaintiff entered into a merchant agreement with the defendant Sahara Restaurant Corp. (hereinafter Sahara), which operated a restaurant in Brooklyn. Pursuant to the agreement, the plaintiff agreed to purchase $119,600 of Sahara's future receivables. The defendant John C. Isikli, Sahara's owner, personally guaranteed Sahara's performance. In March 2018, Sahara allegedly defaulted on its obligations under the merchant agreement. Thereafter, the plaintiff applied in the Supreme Court, Kings County, for a judgment by confession against the defendants. On March 8, 2018, the Kings County Clerk's Office entered a judgment in favor of the plaintiff and against the defendants in the total sum of $50,384.98. On March 9, 2018, the plaintiff filed a UCC-1 financing statement for a security interest in all of Sahara's assets as collateral.
Thereafter, by order to show cause dated April 10, 2018, nonparty Capital Stack, LLC (hereinafter Capital), moved, inter alia, for a preliminary injunction enjoining the plaintiff from [*2]restraining, freezing, or executing upon any of the defendants' assets, accounts, or property. Earlier, in August and September 2017, Capital had similarly entered into two merchant agreements with Sahara, in which Capital agreed to purchase the sum total of $429,000 of Sahara's future receivables. Isikli personally guaranteed Sahara's performance. On September 12, 2017, Capital filed a UCC-1 financing statement for a security interest in Sahara's future receipts. In February 2018, Sahara allegedly defaulted on its obligations under these merchant agreements with Capital. On March 6 and March 7, 2018, the Kings County Clerk's Office entered two judgments in favor of Capital and against the defendants in the total sum of $331,141.66.
Subsequently, on March 20, 2018, Capital and the defendants entered into a forbearance agreement, in which Capital agreed to refrain from enforcing the judgments in exchange for a lump sum payment of $40,000 from a specified bank account (hereinafter the subject bank account) that Capital had levied and a remaining balance of $250,000 to be paid through daily debit payments of $1,285 from the subject bank account. After the $40,000 lump sum payment was remitted from the subject bank account, Capital's execution on this account was released. On March 26, 2018, the first debit payment of $1,285 from the subject bank account to Capital was rejected because the subject bank account was frozen by the plaintiff.
In an order dated December 13, 2019, the Supreme Court, sua sponte, converted that branch of Capital's motion which was for a preliminary injunction into a special proceeding pursuant to CPLR 5239. The court then granted that branch of Capital's motion which was for a preliminary injunction and enjoined the plaintiff from freezing, restraining, or executing upon the subject bank account until Capital received the remaining sum of $250,000 pursuant to the forbearance agreement. The court determined that Capital's security interest in the subject bank account was superior to the plaintiff's interest based on the fact that Capital first filed its UCC-1 financing statement. The plaintiff appeals.
Capital, as a judgment creditor, in seeking to determine that its claim to the defendants' assets and accounts had priority over the plaintiff's claim, should have commenced a special proceeding pursuant to CPLR 5239 (see Cruz v TD Bank, N.A., 22 NY3d 61, 74). Nevertheless, "[g]enerally, where an action or proceeding is brought in the wrong form or under an inappropriate statute, the court, in its discretion, may deem it brought in a proper fashion, thus avoiding dismissal" (Jackson v Bank of Am., N.A., 149 AD3d 815, 818 [internal quotation marks omitted]; see CPLR 103[c]). Here, jurisdiction was obtained over the necessary parties for the special proceeding (see CPLR 5239; Bank of N.Y. v Triangle Meat & Provisions Corp., 82 AD2d 815, 817). Moreover, Capital does not seek to vacate the judgment by confession, but rather seeks, in effect, to preclude the plaintiff from enforcing the judgment based on the alleged priority of Capital's lien (cf. Morocho v Monterroza, 170 AD3d 710, 711-712; Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879). Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in, sua sponte, converting that branch of Capital's motion which was for a preliminary injunction into a special proceeding pursuant to CPLR 5239 (see id. § 103[c]; Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 653; Jackson v Bank of Am., N.A., 149 AD3d at 818; Bank of N.Y. v Triangle Meat & Provisions Corp., 82 AD2d at 817; see also Tae Hwa Yoon v New York Hahn Wolee Church, Inc., 56 AD3d 752, 755).
The Supreme Court, however, should have denied that branch of Capital's motion which was for a preliminary injunction. Pursuant to UCC 9-317(a)(2)(A), "[a] security interest . . . is subordinate to the rights of . . . a person that becomes a lien creditor before . . . the security interest . . . is perfected" (see Berkowitz v Chavo Intl., 74 NY2d 144, 152). In order to perfect a security interest in a deposit account, such as the subject bank account, there must be control over the account (see UCC 9-312[b][1]). Here, Capital failed to allege, much less provide, any evidence to establish that it obtained control over the subject bank account following the release pursuant to the forbearance agreement. Thus, Capital failed to establish that it perfected a security interest in the subject bank account (see id. §§ 9-104[a]; 9-312[b][1]; 9-314[a]).
As Capital failed to establish that its security interest in the subject bank account had priority over the plaintiff's judgment lien, Capital failed to establish that it was likely to succeed on [*3]the merits. Thus, the Supreme Court improvidently exercised its discretion in granting that branch of Capital's motion which was for a preliminary injunction (see generally Avila v Arsada Corp., 34 AD3d 609, 610).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court