Matter of Farmingdale Union Free Sch. Dist. v Town of Babylon (2025 NY Slip Op 25200)

[*1]

Matter of Farmingdale Union Free Sch. Dist. v Town of Babylon

2025 NY Slip Op 25200

Decided on September 2, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 2, 2025
Supreme Court, Suffolk County

In the Matter of Farmingdale Union Free School District, Plaintiff/Petitioner, 
 For a Judgment Under Articles 30 and 78 of the Civil Practice Laws and Rules

against
Town of Babylon, TOWN OF BABYLON INDUSTRIAL DEVELOPMENT AGENCY, 
 DOBLER REALTY LLC, DOBLER REALTY II LLC, DR3LLC, and ORLANDI, INC., Defendants/Respondents.

Index No. 614642/2025

Petitioner's Attorney
Guercio & Guercio, LLP
77 Conklin Street
Farmingdale, New York 11735
Respondents Babylon IDA Attorney
William Wexler Esq.
816 Deer Park Avenue 
North Babylon, New York 11703
Respondent Dobler's Attorney
Law Offices of Mark A. Cuthbertson
434 New York Avenue
Huntington, New York 11743

C. Stephen Hackeling, J.

Upon the e-filed documents numbered 1 through 51, and a hearing having been held August 27,2025 and upon due deliberation it is hereby
ORDERED and ADJUDGED that the Town of Babylon and Town of Babylon Industrial Development Agency's motion to dismiss (mo. Seq.no.002) the above captioned petition is granted, and it is further; and it is further
ORDERED and ADJUDGED that this petition (mo. Seq. no. 001) is converted to a plenary complaint proceeding; petitioner is now designated as "plaintiff" and the remaining respondents Dobler Realty LLC, Dobler Realty II LLC, DR3LLC, and Orlandi, Inc. are designated as "defendants."
Petitioner, Farmingdale Union Free School District (hereafter "Farmingdale School District") commenced this CPLR Article 30 and 78 proceeding asserting three causes of action seeking a $183,000 money judgment against the Respondents Town of Babylon (hereafter "the Town"), Town of Babylon Industrial Development Agency (hereafter the "TOBIDA"), Dobler Realty LLC and Dobler Realty II LLC (hereafter "Dobbler"), DR3 LLC hereafter "DR3") and Orlandi Inc. (hereafter "Orlandi"). Collectively these nonmunicipal entities will be hereafter called the "Lessors." The Town and the TOBIDA have moved to dismiss the petition as to themselves pursuant to CPLR 3211(a)(7) and 7804(f) (NYSEF Doc N0s. 35-36).
The Undisputed Relevant Facts
The TOBIDA is an industrial development agency (hereafter generically referred to as an "IDA") established pursuant to Article 18-A of the General Municipal Law for the purpose of promoting construction, and/or maintenance of various facilities to foster economic development and otherwise benefit the Town of Babylon (see General Municipal Law §§ 858, 907-A). Pursuant to General Municipal Law § 858(4), IDAs, including TOBIDA, have the power "to acquire by purchase, grant, lease, gift, pursuant to the provisions of the eminent domain procedure law, or otherwise and to use, real property or rights or easements therein necessary for its corporate purposes . . . "
Property owned by an IDA is exempt from real estate taxes (see General Municipal Law 874). One mechanism through which an IDA provides financial assistance to promote economic development is through a "straight-lease," in which the IDA acquires or otherwise takes control or possession of real property, or utilizes already owned real property, for the benefit of a development project led by a private entity, making that property tax exempt (see General Municipal Laws § 854[14], [15]). Once acquired or controlled by the IDA, it leases the property back to the private entity, conferring upon that entity the financial benefits of tax-exempt status they would not otherwise have.
IDAs have the authority to enter into agreements requiring "payments in lieu of taxes" (hereafter "PILOT" payments) by entities that lease or utilize properties owned or controlled by the IDA. Pilots are payments to an IDA to be distributed to the affected taxing jurisdictions that would have levied and received real property or other taxes from the property had the project not been tax exempt because of the IDA's involvement.
Farmingdale School District, as a New York State recognized municipal entity, is required to prepare an annual budget which is voted upon and approved by its eligible residents. The budget contains revenue projections generated from non-tax sources - as well as estimated cost and expenses - to run the Farmingdale School District. Any deficiency between non-tax revenue and annual expenses must be recouped by imposing a real estate tax levy upon all taxable parcels located in the Farmingdale School District.
In the case at bar, the TOBIDA acquired real property parcels in Farmingdale in 2011 at 131 Executive Blvd., 121 Executive Blvd. and 85 Bi-County Blvd. To facilitate industrial development, the TOBIDA leased these parcels to Dobler, DR3, and Orlandi and obtained [*2]contractual agreements that they would pay prorated (less than the usual tax assessments) pilot amounts to the Farmingdale School District. It was projected that the Lessors pilot payments for the 2024-2025 calendar year was $183,000. Farmingdale School District used the $183,000 amount as a non-tax revenue projection in its budget offsetting the need to raise the tax levy by an additional $183,000 which was eventually established as $140,495,607.
On February 11, 2025, the Farmingdale School District received its 2025 Pilot payments with a list of Pilot properties which did not include the Lessors' properties. Thereafter on April 24, 2025, the TOBIDA voted to terminate the Lessors' agreements before their expiration and on June 26, 2025, formally terminated the Lessors' leases. After terminating the three leases, the TOBIDA conveyed title to the three parcels to the Lessors thereby terminating the Lessors' Pilot payments and returned the properties to the tax rolls. The TOBIDA failed to provide notice to Farmingdale School District of either its intention to terminate the Pilot agreements or the fact that it actually did so; other than the fact that the three properties were not listed as part of the February 11, 2025, pilot payment.

Issues Presented

The threshold issues before the Court are "standing to sue" and whether Farmingdale School District may seek a money judgment via an Article 78 proceeding against a governmental entity for violating a statutorily imposed requirement to give notice of a decisional action?

 Legal Discussion
TOBIDA asserts first that Farmingdale School District lacks standing to bring this action and cites to Mobil Oil Corp. v. Syracuse Indus. Dev. Agency, 76 NY2d 428 (1990) and Board of Educ. Of Goshen Cent. School Dist. V. Town of Walkill Indus. Dev. Agency, 222 AD2d 475 (2d Dept.1995) in support of its proposition that only taxpayers and not school districts may enforce a "private right". These cases are inapplicable. The recently enacted amendment creating General Municipal law § 858(15) does not involve a taxpayer private right, and does not require taxpayer notification. Its directive is expressly limited to IDA's. This Court finds that Farmingdale School District is an "affected tax jurisdiction" as described in § 858(15) and as such has standing to object to the violation of its provisions. In point of fact, if Farmingdale lacks standing to sue then no affected municipal real property taxing authority would have standing to sue. 
The Petitioner's self-described "Petition/Complaint" is a bit of a conundrum in that it does not seek traditional Article 78 relief which generally involves annulment or vacatur of a governmental action. In fact, Farmingdale's Petition does not seek to annul the TOBIDA's decision to terminate the Pilot leases and return the subject properties to the tax rolls.[FN1]
Instead, it seeks to recover $183,000 in damages representing the lost non-tax revenue for which it had budgeted.
CPLR § 7803 ascribes that the only questions that may be raised in an Article 78 [*3]proceeding are as follows:
1. Whether the body or officer failed to perform a duty enjoined upon it by law; or
2. Whether the body or officer proceeded . . . in excess of its jurisdiction; or
3. Whether a determination was made in violation of lawful procedure, was effected by an error of law or was arbitrary and capricious or an abuse of discretion . . . or
4. Whether a determination . . . is . . . supported by substantial evidence . . . "
Clearly the gravamen of Farmingdale's complaint involves subparagraph (1) asserting that the TOBIDA failed to perform a duty which is required of it by law. The recently amended General Municipal Law § 858(15) provides as follows: 
(15) To enter into agreements requiring payments in lieu of taxes. A copy of any such agreement shall be delivered to each affected Tax jurisdiction within 15 days of signing of the agreement . . . A notification of the expiration of such agreement shall be delivered to the affected tax jurisdiction two years prior to the expiration of such agreement and immediately upon early termination of an agreement. (emphasis added.)
There is no serious dispute that the TOBIDA failed to "immediately" notify Farmingdale of its termination of the subject Pilot agreements in violation of the § 858(15) statutory mandate. The stated purpose of this recent 2023 amendment is to "limit the authority of industrial development agencies to terminate Pilot agreements without notice to the affected taxing jurisdictions." See Sponsor's memo bill jacket, laws of 2022, chapter 708. The question thus posited is, what relief can this Court grant to address this statutory violation?

Hybrid Proceedings
CPLR § 7806 details the relief the Court may grant as follows:
The judgment may grant the petitioner relief . . . or may dismiss the proceeding on the merits or with leave to renew . . . the judgment may annul or confirm the determination . . . modify it and may direct or prohibit specified action . . . Any restitution or damages granted . . . must be incidental to the primary relief sought . . . " (emphasis added.)
Farmingdale School District does not seek to annul the TOBIDA's governmental action. Absent a request to annul a governmental determination, this Court must determine whether Farmingdale can instead seek restitution for damages it suffered from its inability to properly plan for the $183,000 loss of non-tax revenue. The Courts have taken to calling these money damages request "Hybrid Proceedings." Whitfield v City of New York, 96 F4th 504 (2d Cir. 2024) citing to Loehr v Admin. Bd. Of State of NY, 29 NY3d 374 (2017); NY State Psych. Assoc. v NY State Dept. Health, 19 NY3d 17 (2012); Coleman v Daines, 19 NY3d 1087 (2012). Thus, in an Article 78 proceeding, the Court may not award damages other than those incidental to the primary relief sought. "Whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case." Gross v Perales, 72 NY2d 231 (1988).
Clearly the demand for only a money judgment in this action is not incidental to a request for annulment of a governmental action. However, this fact is not fatal to Farmingdale's prayer for relief as the Court maintains the discretion to sever it and convert the action to a plenary proceeding to seek its monetary relief. See Jackson v Bank of America NA, 149 AD3d 815 (2d Dept. 2017); Tae Hwa Yoon v New York Hahn Wolee Church Inc., 56 AD3d 752 (2d Dept. 2008). See also CPLR 103(c), which provides:
"Improper form. If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution . . . it may convert a motion into a special proceeding, or visa versa, upon such terms as may be just . . . ".
However, not all laws have an enforcement mechanism associated with them. See generally Cruz v TD Bank NA, 22 NY3d 61 (2013); Davis v State, 91 AD3d 1358 (4th Dept. 2012); McLean v City of New York, 12 NY3d 194 (2009); Mark G. v Sabol, 93 NY2d 710 (1999); concerning private rights of action. General Municipal Law 858(15) is such a law. The TOBIDA correctly advances the argument that the New York State Legislature expressly intended no monetary relief as against municipal agencies when it enacted § 874(6) of the General Municipal law which states:
An affected tax jurisdiction which has not received a payment in lieu of taxes . . . may commence legal actions . . . Nothing herein shall be construed as providing an affected tax agency with the right to sue and recover from an agency which has not received payments in lieu of taxes from a project applicant.
As neither the Town 
or the TOBIDA received the disputed Pilot payments, they are immune from a money judgment action. Accordingly, this Petition must be dismissed as to them.
However, General Municipal Law § 874(6) does expressly authorize recovery of a money judgment (inclusive of interest, costs expenses and attorneys' fees) against nonmunicipal entities. When tax exempt property of an IDA is transferred to a taxable entity, the property is subject to pro rata taxation pursuant to Real Property Tax Law 520. See also 10 Op. Counsel SBRPS No. 87 (NY BD. Real Prop. Serv 1999). The record is void as to whether the Lessors are entitled to a partial credit or debit for the mid-year terminated Pilot payments. As such the Court will convert this proceeding to a Plenary action to allow for discovery on the issue.[FN2]

C. STEPHEN HACKELING JSC
Dated: September 2, 2025

Footnotes

Footnote 1:The Farmingdale School District currently receives more revenue as the $183,000 pilot payments were prorated and less than the approximate $243,060 now generated by taxes.

Footnote 2:As the tax revenue was greater than the Pilot payments, Farmingdale may have difficulty establishing actual damages.