Cyngiel v Krigsman
2026 NY Slip Op 03942
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mordechai Cyngiel, etc., respondent,
v
Rima Krigsman, etc., appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-11311, (Index No. 523029/16)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

David A. Robinson, New York, NY, for appellant.
Wenig Saltiel LLP, New York, NY (Howard S. Bonfield of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for an accounting, the defendant Rima Krigsman appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 20, 2022. The order denied, with leave to renew, that defendant's motion pursuant to CPLR 6212(e) for an award of costs and damages caused by wrongful attachment.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Rima Krigsman pursuant to CPLR 6212(e) for an award of costs and damages caused by wrongful attachment is granted.
The plaintiff commenced this action, inter alia, for an accounting of certain rent money allegedly collected by the defendants on two parcels of real property that the plaintiff owns in common with the defendants and on a third parcel of real property owned solely by the plaintiff. The plaintiff subsequently moved pursuant to CPLR 6201(3) for an order of attachment, among other things, with respect to certain funds received by the defendant Rima Krigsman in connection with the settlement of an unrelated legal malpractice action. By order dated January 30, 2019, the Supreme Court, inter alia, granted the plaintiff's motion and, in an order dated April 25, 2019, the court set the amount of the attachment and bond. In a decision and order dated March 10, 2021, this Court, among other things, reversed the order dated January 30, 2019, insofar as appealed from, denied the plaintiff's motion for an order of attachment, and vacated the order dated April 25, 2019 (see Cyngiel v Krigsman, 192 AD3d 762). This Court determined that "the plaintiff made no showing of any conduct that would satisfy the requirements of CPLR 6201(3)" (id. at 763).
Krigsman subsequently moved pursuant to CPLR 6212(e) for an award of costs and damages caused by the wrongful attachment in the amount of $31,102.48. The plaintiff opposed the motion. In an order dated July 20, 2022, the Supreme Court denied Krigsman's motion, with leave to renew upon the completion of "issue-specific discovery related to this motion." Krigsman appeals.
CPLR 6212(e) provides, in relevant part, that "[t]he plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment . . . if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property" (see First Natl. State Bank of N.J. v Alpha Hermetic, 59 [*2]NY2d 888, 889; Matter of Jalas v Halperin, 136 AD3d 816, 817). "[A]n attaching party is strictly liable for all damages resulting from a wrongful attachment, without regard to fault" (Matter of Eichberg v Maisano, 2 AD3d 444, 444; see Bank of N.Y. v Norilsk Nickel, 14 AD3d 140, 149).
Here, Krigsman demonstrated her entitlement to an award of costs and damages as a result of the wrongful attachment of her property. In support of her motion, Krigsman established that an order of attachment was issued in connection with her funds in the amount of $173,827.50 (cf. A & M Exports v Meridien Intl. Bank, 222 AD2d 378, 380). Moreover, on a prior appeal, this Court determined that the plaintiff was not entitled to the order of attachment because "the plaintiff made no showing of any conduct that would satisfy the requirements of CPLR 6201(3)" (Cyngiel v Krigsman, 192 AD3d at 763). Under the circumstances, the plaintiff is strictly liable for the costs and damages resulting from the wrongful attachment (see Citibank, N.A. v Keenan Powers & Andrews PC, 149 AD3d 484, 485; Bank of N.Y. v Norilsk Nickel, 14 AD3d at 149; Matter of Eichberg v Maisano, 2 AD3d at 444-445). Contrary to the plaintiff's contention, he failed to adequately demonstrate any basis to conduct issue-specific discovery related to the motion.
Accordingly, the Supreme Court should have granted Krigsman's motion pursuant to CPLR 6212(e) for an award of costs and damages caused by wrongful attachment.
In light of our determination, we need not reach Krigsman's remaining contention.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court